G. A. Hohstadt, Assignee of William Billups, Respondent, v. Robert B. Daggs, Appellant.

St. Louis Court of Appeals, May 17, 1892.

1.    **Instructions**: OMISSION OF MATERIAL ISSUE. An instruction, whic'¹ of itself covers the whole case, and authorizes a finding for either party, must not exclude from the consideration of the jury any mate rial issue supported by substantial evidence on either side.

2. ——: ——: SUPPLYING DEFECT BY OTHER INSTRUCTIONS. When such an instruction does not even by implication embody such material issue, the error will not be cured by the giving of a correct instruction submitting that issue.

*Appeal from the Scotland Circuit Court.*—HON. BEN. E. TURNER, Judge.

REVERSED AND REMANDED.

*Robert E. Daggs,* for appellant.

*Smoot & Pettingill,* for respondent.

BIGGS, J.—This case originated before a justice of the peace, and it was begun by William Billups, who afterwards assigned the cause of action to the plaintiff. It was alleged in the complaint that Billups sold to the defendant about thirty acres of corn standing in the field, and that, as a part of the consideration therefor, the defendant agreed to pay a certain note, which was then due from Billups to one Purmort. It is then alleged that the defendant had failed and refused to pay the note, and that Purmort was then seeking to enforce its payment from Billups. The defendant admitted the purchase, but denied that he bought the corn *standing in the field;* on the contrary, he averred that the contract was that Billups should gather and crib the corn, which he had failed and refused to do.

Billups testified on the trial that he sold the corn in the field. On the other hand, the defendant testified that Billups agreed to gather and deliver the corn in the crib, which he had failed and refused to do. Several other witnesses also testified to conversations with Billups, in which he stated that, under his contract with the defendant, he was to gather the corn. That Billups had failed to gather the corn was not contro-

verted. There was a verdict and judgment for the plaintiff for the amount of the Purmort note. The defendant has appealed.

The only assignment which we need notice pertains to the instructions. For the plaintiff the court instructed as follows: "If the jury shall believe from the evidence that defendant *bought· the interest of Billups in the corn crop,* and, as a part consideration for the purchase thereof, defendant agreed to pay off a note of Billups to Purmort for $30, and that said note is yet unpaid; then, in such case, the verdict should be for the plaintiff for balance now due and unpaid on the said note." For the defendant the court instructed: "If the contract shows that, by the contract for purchase of the corn crop, Billups was to gather and crib the corn before the defendant should pay the Purmort note, then and in such case there was not full performance by Billups, and the verdict should be for the defendant."

It will be seen that the plaintiff's instructions entirely ignored the only defense made to the action. The issue of fact which the instruction submitted was uncontroverted. The matter in dispute was not whether Daggs bought the corn, but whether Billups, as a part of the contract of purchase, agreed to gather the corn. If so, Daggs was entitled to a judgment; because it was conceded that Billups had not gathered the corn at the time the suit was brought.

It must be conceded that the plaintiff's instruction is faulty; because an instruction, which of itself covers the whole case and authorizes a finding for either party, must not exclude from the consideration of the jury any material issue, supported by substantial evidence, on either side. *Clark v. Hammerly,* 27 Mo. 55; *Sawyer v. Railroad,* 37 Mo. 240–263; *Fitzgerald v. Haywood,* 50 Mo. 516. The only question, then, is: Was the error

cured by the defendant's instruction? It was said by the supreme court, in the case of *Goetz v. Railroad*, 50 Mo. 474, that a general expression or term in an instruction, or a partial view, might be supplied by other instructions. Or, as was said in the case of *Earle v. Railroad*, 55 Mo. 476, where the plaintiff's instruction manifestly implies that which the defendant's instructions directly assert, then there is no error. Applying the law of those cases to the one we have here, the error in the plaintiff's instruction would have been cured by the defendant's instruction, if the plaintiff's instruction had *impliedly* told the jury that he was entitled to a judgment, *provided Billups sold the corn standing in the field*. In our opinion, the instruction as written will admit no such implication. Therefore, it was calculated to confuse and mislead the jury.

For this error the judgment of the circuit court will have to be reversed and the cause remanded. All the judges concur.