State v. Davies.

STATE OF MISSOURI, Respondent, v. SAMUEL DAVIES. et al., Appellants.

### St. Louis Court of Appeals, May 2, 1899.

1. **Conspiracy to Make a False Arrest**: ADMISSIBILITY OF TESTIMONY. Where there is evidence tending to prove a conspiracy, the acts and declarations of each conspirator, in futherance of the conspiracy, may be shown, but nothing said or done by a co-conspirator as to independent matters, or after the object of the conspiracy has been accomplished, is competent. Held, that all testimony concerning the subsequent arrests ought to have been excluded.

2. ———: ———: TRESPASS. In the case at bar it must be admitted that the action of Hand in attempting to seize the goods a second time "was without authority of law, and in attempting to do so, he was certainly guilty of a trespass.

3. **Instruction Criticised**: OMISSION. An instruction which is complete within itself and omits an essential fact which the state was bound to prove is held to be erroneous and prejudicial.

*Appeal from the Lewis Circuit Court.*—HON. EDWIN R. McKEE, Judge.

REVERSED AND REMANDED.

C. T. LLEWELLYN and GEORGE R. DAVIS for respondent.

The indictment correctly states and charges that Wilson was to be arrested for an offense, "malicious trespass." See offenses grouped under this head. 1 R. S., p. 1188. See 2 Bishop's New Criminal Law [8 Ed.], p. 299, sec. 520 A, and authorities there cited; also section 215, page 118. Indictment will not be deemed invalid for any defect or imperfection, which does not tend to the prejudice of the substantial rights of the defendant upon the merits. R. S. 1889, sec. 4115. The warrant, information, affidavit or complaint upon which Wilson was arrested, charges malicious trespass; also justice's docket wherein case is docketed. Defendants can not say that affidavit was insufficient and does not charge an offense. Matlick v. Crump, 62 Mo. App. 21; Stocking v. Howard, 73 Mo. 25; Best v. Haeffner, 39 Mo. App. 682. "Forcible entry and detainer" is malicious trespass. The affidavit signed by Wm. M. Slattery and one signed by C. E. Blair, upon which Wilson was arrested some two or three times, were both competent, and either or both were competent. All the facts and circumstances as well as acts and conduct of defendants are competent. The recognizance given by Wilson to appear before Davies was taken by defendants and they can not now say it is insufficient. Matlick v. Crump, 62 Mo. App. 21; Best v. Haeffner, 39 Mo. App. 682; Stocking v. Howard, 73 Mo. 25. The affidavit signed by C. E. Blair dated March 2, (9) and warrant issued February 25, and recognizance taken March 2, 1897, with (10) Squire Davies' docket entries in same case, were all facts and circumstances, as well as acts of defendants, and were competent. State v. Ross, 29 Mo. 32; State v. Duncan, 64 Mo. 266; State v. Hickman, 75 Mo. 416; State v. Cooper, 85 Mo. 260. All of this evidence is part of the *res gestae* and competent. The remark of the court was not error, and witness Hand's testimony was competent. The declarations or act of a conspirator or accom-

plice are receivable against his fellows where they were either in themselves acts, or accompany and explain acts done in pursuance of a concerted criminal purpose, and made or done during the pendency of the common criminal enterprise. State v. Melrose, 98 Mo. 594; State v. Ross, 29 Mo. 32; State v. Hickman, 75 Mo. 416; State v. Daubert, 42 Mo. 239; State v. Minton, 116 Mo. 605; State v. Walker, 78 Mo. 380.

BLAIR & MARCHAND, JOHN C. ANDERSON, O. C. CLAY, JOHN A. WHITESIDE and O. S. CALLIHAN for appellants.

The indictment does not contain facts sufficient to constitute a criminal offense. The conspiracy must be in this case to arrest Wilson for an offense, either a misdemeanor or a crime—whatever the offense is, the facts constituting it must be clearly stated in the indictment, and show that an offense known to the laws of Missouri was actually committed. This is not done. 2 Whart. Cr. L. [9 Ed.], sec. 1343, p. 178; 2 U. S. Dig. (New Series), sec. 6, p. 142; Am. Dig. 1893, sec. 14, p. 783; 4 Am. and Eng. Ency. of Law, sec. 1, p. 6236, and note 5. And more especially should this be the case when the name given the supposed offense in the indictment is not known to our statute or common law. No offense, or criminal offense, is known to our statute as a "malicious trespass." Hence the greater necessity for stating the acts in full in the indictment, going to show what offenses is intended to be charged against defendant. State v. Ragsdale, 59 Mo. App. 590, 607. The charge that defendants conspired to arrest A. L. Wilson for "malicious trespass" upon the property of Slattery is too broad and indefinite to apprise defendants of the offense intended to be charged against them. Malicious trespass, as used in common parlance, includes injury and sometimes destruction to both real and personal property. Nobody can tell whether real estate or

personal estate be intended to be included in the charge of malicious trespass in the indictment. The charge should have been more specific. K.'s Cr. L. & P. [2 Ed.], 172, pp. 105, 184, 112; State v. Clay, 100 Mo. 571, 582, 584. The property of Slattery is not described. "Property" under our statute includes personal and real estate alike—neither is distinctly stated in the indictment. The property in the indictment, though described as the property of Slattery, is not even designated as "personal" or "real property." The location of the property is not given—state, county, city nor town is given. The facts stated should show jurisdiction in the trial court. No one can tell whether the property lies in Clark or another county in the state of Missouri, or in some other state. The want of jurisdiction is fatal to the indictment. 1 R. S. 1889, secs. 3979, 940; authorities *supra*.

BIGGS, J.—The defendants, namely, Samuel Davies, Charles E. Blair and L. C. Parish, and one William Slattery, were charged in the indictment with entering into a conspiracy to make a false arrest. The indictment is drawn under section 3780, Revised Statutes 1889, and it charges that the defendants "on or about the 27th day of February, A. D. 1897, at the county of Clark aforesaid, unlawfully and maliciously did among themselves conspire, combine and confederate and agree together falsely and maliciously to procure A. L. Wilson to be charged and arrested for the criminal offense of malicious trespass upon the property of William Slattery which the said Charles E. Blair and William Slattery then and there falsely alleged that the said A. L. Wilson had lately before committed," etc. It was not disputed at the trial that on the twenty-seventh day of February, 1897, Wilson was arrested on a warrant issued by Davies as justice of the peace; that the warrant was issued on an alleged affidavit signed by Slattery and filed with Davies, charging that A. L.

Wilson, Robert Hand and F. M. Ballinger, in violation of section 3779, of the Revised Statutes of 1889, had forcibly and violently and without warrant of law, etc., taken possession of a store room in the town of Alexandria, the property of Slattery; that the warrant was served by the defendant Parish as special constable, and that the prosecution was begun on the advice of the defendant Blair, who was acting as the attorney and legal adviser of Slattery.    The defendants, however, denied that they had entered into the alleged conspiracy and they asserted that the parties named in the affidavit of Slattery did in fact violate the aforesaid section of the statute in the manner charged.    The trial resulted in the acquittal of Slattery and he was discharged.    Davies, Blair and Parish were convicted.    They have appealed, and assign many alleged errors in the proceedings in the circuit court.

The first assignment of error is that the indictment is fatally defective in that it fails to describe the property upon which the alleged trespass was committed, and it also fails to give the date of the trespass.    This assignment must be overruled.    Conceding that the omissions in the indictment can be classed as defects or imperfections, they did "not tend to prejudice the substantial right of the defendants upon the merits.    (R. S. 1889, sec. 4115.)

Many assignments of error pertain to the action of the court in admitting the testimony.    We will only refer to one class or species of evidence which the court admitted, and which we think was incompetent and prejudicial to the defendants.    It was conceded that Wilson, Hand and Ballinger were arrested on the charge mentioned in the indictment during the forenoon of February 27.    They were immediately arraigned before Davies, and he released them on their own recognizances.

If in fact there was a conspiracy as charged in the indictment, it was consummated by this arrest.    In the afternoon of the same day, the same parties were arrested for

disturbing the peace. The warrant concerning the latter offense was based on an affidavit signed by Blair and filed with Davies. Wilson, Ballinger and Hand were again arraigned before Davies and allowed to go on their own recognizances. On March 2, 1897, Wilson and Ballinger were for the third time arrested on a warrant issued by Davies. This warrant was likewise predicated on the affidavit of Blair, charging Wilson and Ballinger with a forcible entry on the property of Slattery. Against the objections of the defendants the circuit court permitted the prosecuting attorney to show all the facts and circumstances connected with these subsequent arrests and prosecutions and the final disposition made of them. The rule is, that where there is evidence tending to prove a conspiracy, the acts and declarations of each conspirator in furtherance of the conspiracy may be shown, but nothing said or done by a co-conspirator as to independent matters, or after the object of the conspiracy has been accomplished, is competent. Under this rule it seems to us that all testimony concerning the subsequent arrests ought to have been excluded.

The fifth instruction given for the state is as follows: "The court instructs the jury that if you believe from the evidence in the cause beyond a reasonable INSTRUCTION. doubt that any one or more of the defendants herein entered into an agreement with one or more of the other defendants to procure or effect the arrest of A. L. Wilson on the charge of malicious trespass, you will find such of the defendants as you may believe from the evidence to have so entered into said agreement guilty, and in passing upon the question as to whether defendants or any two or more of them may have entered into a conspiracy to so arrest said Wilson, you have a right to take into consideration all the facts and circumstances shown in evidence on the trial of this cause." To convict the defendants under this instruction it was only necessary for the jury to find that the

arrest was the result of a conspiracy on the part of the defendants. It entirely ignored the falsity of the charge against the prosecuting witness, which, under the evidence, was an issue in the case. In fact the instruction virtually assumes that the accusation against Wilson was groundless. At this point some reference to the facts is necessary. Kellogg, Birge & Company held a claim against Slattery. Suit was brought on the claim before Davies. On February 23, 1897, judgment was rendered in the action. Wilson is an attorney-at-law, and he represented Kellogg Birge & Company in the collection of the debt. On the same day that the judgment was rendered Davies issued an execution on the judgment under instructions from Wilson. The execution was immediately delivered to Hand, who was constable of the township, and he forthwith levied upon a small stock of goods belonging to Slattery and situated in the store room in question. Slattery claimed the goods as exempt, and thereupon Hand appointed three appraisers, who valued the stock at $230. Hand released the goods from the levy and redelivered them to Slattery as exempt property. All of these things were done on the twenty-third. Wilson returned to Alexandria on the twenty-fifth and he instructed Hand to levy upon certain household goods, which he did. Mrs. Parish, the daughter of Slattery, claimed the goods and Hand released them. On the twenty-seventh Wilson and Ballinger came to Alexandria and induced Hand to make a second levy on the stock of goods. Hand entered the storeroom for that purpose, and while there he was arrested by Parish, who had been deputized by Davies to serve the warrant mentioned in the indictment. Parish also arrested Wilson and Ballinger who had accompanied Hand to the store room and were standing near the front door. As to what occurred at the time of the second levy, the evidence for the state was in substance that Hand entered the store room in a peaceable manner and notified Slattery that he had come to make a second levy on the goods·

and that while he was explaining to Slattery the nature of his business, Parish served the warrant on him. On the other hand the evidence introduced for the defendants tended to prove that Hand entered the store room in a threatening manner and demanded of Slattery the keys to the room; that he informed Slattery that he intended to levy on the goods and lock up the store room; that he thereupon ordered the persons in the room to leave, and while they were in the act of obeying this order, Parish came into the room and served the warrant. The language of the statute (section 3779), and under which Wilson was arrested, is as follows: "Every person who shall take or keep possession of any real property by actual force or violence without the authority of law * * * shall, on conviction, be adjudged guilty of a misdemeanor." It must be admitted that the action of Hand in attempting to seize the goods a second time "was without authority of law," and in attempting to do so he was certainly guilty of a trespass. Whether he took or intended to take the exclusive possession of the store room, and whether his actions in so doing were of a violent character, and whether Wilson was present aiding and abetting him, were questions of fact for the jury. As the instructions failed to submit these issues, it was an erroneous and prejudicial direction, for if Hand, Wilson and Ballinger violated the statute, then they were rightfully arrested and the defendants can not be charged with entering into a conspiracy to have it done. A conspiracy has been defined to be "a combination of two or more persons by some concerted action to accomplish some criminal or unlawful purpose, or to accomplish some purpose, not in itself criminal or unlawful, by criminal or unlawful means." Commonwealth v. Hunt, 4 Met. (Mass.) 111. The

INSTRUCTION criticized.

fact that the court on its own motion gave a correct instruction did not cure the error in this, for the reason that it is complete within itself; it authorized a conviction of the defendants and

omitted an essential fact which the state was bound to prove, namely, the falsity of the charge against Wilson. Another objection to the instruction is that it emphasizes the error as to the admission of the evidence referred to, for it directed the jury to consider "all the facts and circumstances shown in evidence on the trial of the cause."

The fourth and eighth instructions given on the part of the state are subject to criticism. In the fourth the jury was told that the alleged conspiracy was sufficiently proven if the defendants "entered into an agreement to accomplish a common *or* unlawful design." The instruction should have read common *and* unlawful design. The same error is to be found in the eighth instruction. It is claimed that there is no substantial evidence of a conspiracy. To this we can not give our assent. While the evidence is not of a satisfactory character, yet we think it is sufficient to carry the question to the jury.

Other matters are mentioned in the briefs, but we do not think it necessary to discuss them, as they are of minor importance. For the errors pointed out, the judgment of the circuit court will be reversed and the cause remanded. All concur.