J. D. BOOTHE, Appellant, v. B. B. LOY et al., Respond-
ents.

**St. Louis Court of Appeals, March 13, 1900.**

1. **Petition: SEVERAL COUNTS: IN LAW AND EQUITY.** Under
   section 593 (R. S. 1899), a plaintiff may unite in the same petition
   several counts both at law and in equity.

2. ————: ————: TRIAL OF EQUITY COURT: JUDGMENT, IN-
   TERLOCUTORY: FINAL, WHEN. But the counts in equity and
   in law when united in the same petition, must be separately tried,
   and the judgment on the first counts tried, when equity and law
   counts are both stated, is interlocutory and can not be made final,
   until there is a finding or verdict on the other counts, when a final
   judgment is rendered on the whole case on all the counts.

3. **Judgment on Some Counts in Petition.** Where a final judgment
   is rendered on one or more counts of a petition, leaving one or more
   undisposed of, the judgment is erroneous.

4. **Instruction.** An instruction is erroneous which undertakes to
   cover all the evidence, and to draw a legal conclusion from the evi-
   dence as summarized, when in fact material evidence as to plaintiff's
   right of recovery is omitted from the summarization.

Appeal from the Lawrence Circuit Court.—*Hon. Henry Clay
Pepper,* Judge.

REVERSED AND REMANDED.

*Edw. J. White* for appellant.

(1) When Boothe paid the purchase price therefor and
bonds 1, 2, 3, 4 and 5, of the Brinkerhoff Zinc Company,
were executed and deposited for him, with the defendant
bank, the sale thereof was complete and the title thereto
vested in the plaintiff. Harding v. Maynard, 55 Mo. App.
364; Allgear v. Walsh, 24 Mo. App. 139; 2 Benj. on Sales,
sec. 360, chaps. 4 and 5; Tiedeman on Sales, sec. 139, p. 191;

Hamilton v. Clark, 25 Mo. App. 436. (2) At the time of the payment by Boothe for the bonds sold him, if then entered into at all, the arrangement between Brinkerhoff and the bank was but "an executory contract for a pledge, which could not prevail as against a purchaser," who had paid for the bonds, when the purchase money passed through the hands of the prospective pledge. Jones on Liens, secs, 248, 249; Schouler on Bailments and Carriers [2 Ed.], secs. 181, 188, 194; Casey v. Caveroc, 96 U. S. 467; Lawson, Bail., sec. 54, p. 99; Story, Bail., sec. 274. (3) The pledge of the bonds, when executed, would have been such a misappropriation thereof, by the pledgor, with the pledgee's knowledge, as to prevent the lien of the pledge as against the plaintiff's title, as purchaser, who had paid the purchase price. Payne v. Bank, 43 Mo. App. 377; Express Company v. Bank, 66 Mo. App. 275; Colebrook, Col. [2 Ed.], sec. 75; State ex rel. v. Berning, 74 Mo. 87; Galloway v. Gleason, 61 Mo. App. 21. (4) "Law and equity cases are not confounded now any more than before the adoption of the Code, but under the Code the courts are regarded as having a law and an equity side." Gr. & Meyer Mo. Pl. & Pr., secs. 63, 64, 66; Meyer v. Field, 37 Mo. 435; Maguire v. Tyler, 47 Mo. 115. (5) The instruction given by the court of its own motion is not the law. This instruction precludes the plaintiff from recovering on the sole question of his notice of the agreement for a pledge to the bank. If this instruction had been given under the equity count of the petition there might have been some rule to base it on, but there is not under the law count. "In a conflict between legal rights the question of notice is entirely immaterial." Bisp. Pr. Eq. [4 Ed.], chap. on Notice, sec. 261, p. 326.

*H. H. Bloss* for respondent.

(1) The first error assigned is to the effect that the court should have found that the title to the bonds in con-

troversy vested in Mr. Boothe on October 25, 1897, the day Mr. Brinkerhoff received Boothe's money orders. Respondent states that this was one week prior to the contract for a pledge to the bank, in his assignment of error. All of appellant's cases cited under this point pass on the legal proposition that when the purchase money has been paid in pursuance of a contract of sale, and the property is in shape to be delivered, the title passes as between the parties to the contract. No one disputes this proposition. In not a single one of the propositions discussed in the cases cited under this point was the rights of a third party an issue in the case, excepting in the case of Allgear v. Walsh, 24 Mo. App. 134, and that case is opposed to appellant's position. For the court's convenience we will give a few extracts from the opinion. At page 141 the court says: "It may further be conceded that the defendant had the right to hold the whiskey until the whole of the debt to the bank was discharged. It may also be conceded that Flaisig could not, while the defendant so held the property, transfer the property to a third party, discharged of the security, against defendant's consent." Yet because defendant's contentions were not presented by instructions unmixed ·with objectionable matter he could get no benefit from the defense he interposed as pledgee. (2) In the equity court he charges the respondent with having sold the bonds and realized the proceeds therefrom which he states went into the assets of the defendant bank and he seeks to recover the proceeds realized. This is a distinct cause of action. It affirms the sale and seeks to recover the amount realized on the implied obligation to repay the money thus received. Bliss on Code Plead., sec. 13, p. 16; Nanson v. Jacob, 93 Mo. 331. (3) The count in law is based on plaintiff's property rights to the bonds in controversy, but it does not affirm the sale. In this count plaintiff seeks to recover the value of the bonds at the time of the conversion. So it will be seen that plaintiff did not base his

cause of action on any rights he claimed to have with respect to the money by means of which he acquired the title to the bonds in controversy.   He would not have been allowed to have assumed this inconsistent position in the same action. The Enterprise Soap Works v. Sayers, 51 Mo. App. 310. A party can only recover on the facts stated in his petition. Bird v. Railroad, 379; Traders Bank v. Payne, 51 Mo. App. 512; Ellsworth v. Barton, 60 Mo. 511; Clemants v. Yeates, 69 Mo. 623.

BLAND, P. J.—In 1897 the Miners and Merchants Bank (a corporation) owned a seven-acre tract of land near Aurora, Missouri.

In August of that year it agreed to sell the land to the Brinkerhoff Zinc Company (a corporation) for $6,000; the latter paid $500 down and agreed to pay the balance, $5,500 in six months, or forfeit the payment of the $500 paid.   At the expiration of six months the Brinkerhoff Zinc Company elected to take the land having partially developed the mine on the tract, but was unable to pay the balance of the purchase price.   It was then agreed that the Brinkerhoff Zinc Company should execute its note to the bank for $5,500, should issue its bonds to the amount of $12,000 in denominations of $100 each, to become due in five years, with eight per cent per annum, interest coupons to be attached, which bonds should be secured by a deed of trust made to D. B. Loy as trustee on the seven-acre tract, and that the bonds should be deposited with and held by the bank as collateral security for the payment of the $5,500.   In pursuance of this agreement the bank executed and delivered a deed conveying the land to the Brinkerhoff Zinc Company, and on November 1, 1897, the Brinkerhoff Zinc Company executed its trust deed to secure the $12,000 in bonds, all of which except the first five, were signed by the president and secretary of the Brinkerhoff Company on the same day at

the office of the bank, where the bonds in blank had been kept. The bonds were then left with the bank as collateral security. Prior to the making of the trust deed and the signing of the bonds, Brinkerhoff, the president of the Brinkerhoff Zinc Company, by letter correspondence, negotiated the sale of five of the bonds of the series, to wit, numbered 1 to 5, inclusive, to J. D. Boothe, the plaintiff, for $375, and on October 25 received from plaintiff, by express, money orders, payable to himself. Brinkerhoff as president, and the secretary of the company, on receipt of the remittance, immediately went to the bank where the unsigned bonds were kept, informed the cashier (defendant D. B. Loy) of the sale, signed up the five bonds, and deposited the remittance for their purchase in the bank to the credit of the Brinkerhoff Zinc Company, and afterwards checked it out in payment of current expenses. The bank did not deliver the bonds to Brinkerhoff, nor transmit them to the plaintiff, but retained them as collateral security under the original agreement, and subsequently, but before this suit was brought, sold the $5,500 note of the Brinkerhoff Zinc Company and transferred all the bonds to the purchaser of the note as collateral security for its payment.

The first count in the petition is in equity. It alleges that the plaintiff was the owner of five of the bonds; that the defendants, with knowledge of his ownership, wrongfully sold them for a sum unknown to plaintiff, and converted the proceeds to their own use, and prays for an accounting. The second count is at law, alleges plaintiff's ownership of the bonds, the purchase price paid, and the wrongful conversion by defendants, and asks damages in the amount for which the bonds were purchased by plaintiff to wit, $375.

The answer to either count is substantially the same, denying the conversion, and alleges affirmatively that all the bonds, including those claimed by plaintiff, were when first issued hypothecated to the defendant bank to secure the pay-

ment of the $5,500 note of the Brinkerhoff Zinc Company.

After the close of all the evidence on the equity count, it was stipulated between the parties that the same evidence introduced on the equity count should be submitted to the court, sitting as a jury, on the law count. Instructions were asked on the law count, some of which were given, and others refused. The court sitting as a jury found the issues and rendered judgment on the law count for the defendant. Plaintiff appealed.

There was no finding or judgment on the first or equity count and no disposition whatever was made of that count. The failure of the court to make a finding or render any judgment on the first count was called to the attention of the court by motion for new trial and in arrest of the judgment. This error is also apparent on the face of the record proper.

A plaintiff may unite in the same petition several counts, both at law and in equity (section 593, R. S. 1899). But the counts in equity and in law when united in the same petition, must be separately tried, and the judgment on the first counts tried, when equity and law counts are both stated, is interlocutory and can not be made final, until there is a finding or verdict on the other counts, when a final judgment is rendered on the whole case on all the counts. This is necessarily so, since there can be but one final judgment in any cause, however numerous the counts may be, or whether they are in equity or law, or both. It has been repeatedly held in this state, that where a final judgment is rendered on one or more counts of a petition, leaving one or more undisposed of, the judgment is erroneous. Crawe v. Peters, 63 Mo. 429; McHoney v. Ins. Co., 44 Mo. App. 426; Kabrich v. Ins. Co., 48 Mo. App. 393. For this error the judgment in this cause must be reversed, and as the cause must be remanded for a retrial on both counts, it is expedient to call attention to the following instruction given for the plaintiff, which we think is erroneous, to wit:

"The court sitting as a jury declares the law to be, that if the court finds from the evidence that the Brinkerhoff Zinc Company had agreed to purchase from the bank a tract of land, and had also agreed to execute 120 bonds of the face value of one hundred dollars each, secured by deed of trust on the said tract of land, and that the said bonds were to be held as collateral security for the note evidencing the balance due for the purchase price of the said land, and that the said bonds when sold by the said Brinkerhoff Zinc Company, the proceeds of the sales of the said bonds should be turned over to the bank and applied to the paymentof the purchase price of the land; and if the court further finds from the evidence that Boothe prior to the sending of the $375 to Brinkerhoff had knowledge of the agreement between the bank and the Brinkerhoff Zinc Company, that the bonds should be placed with the bank as collateral security, and when sold by the said company, the proceeds of the sales were to be turned over to the bank and applied to the payment of the purchase price of the land, and if the court further finds from the evidence that Brinkerhoff refused to turn over to the bank the $375 sent by plaintiff to the bank, then the plaintiff can not recover in this action."

The error in the instruction is in this: It undertakes to cover all the evidence , and to draw a legal conclusion from the evidence as summarized, when in fact material evidence as to plaintiff's right of recovery is omitted from the summarization. It is this. Brinkerhoff testified, that before he wrote the plaintiff to take the five bonds, he was called into the bank by Loy, the cashier, and told that the Brinkerhoff Zinc Company had overdrawn its account about $100, and asked him why· he did not write to plaintiff (who had previously agreed to take some of the bonds), and have him take five of them at once; that if he would the Zinc Company could have the use of the money and would be enabled to go ahead with its mining operations. Loy and the assistant

cashier denied this statement to Brinkerhoff in toto, but plaintiff was entitled to the benefit of Brinkerhoff's testimony, and the court could not ignore it by instructions. If the trier of the fact should believe Brinkerhoff and disbelieve Loy and the assistant cashier, the plaintiff would be entitled to recover, for the bank would be estopped to claim the bonds, if its cashier in advance of the sale advised it, or after it was made and the money was paid, agreed to and did permit the Brinkerhoff Zinc Company to use the money in its business, instead of applying it to the credit of the $5,500 note. Appellant contends that as these five bonds were sold and paid for before they were pledged to the bank, that the Brinkerhoff Zinc Company could not thereafter pledge or the bank receive them as a pledge as against plaintiff. The sale of the bonds as between the Brinkerhoff Zinc Company and the plaintiff was consummated before the execution of the contract, made between the bank for the bonds and deed of trust, but as between the bank and the plaintiff and zinc company it was not, for the reason the bonds were not delivered and were at the time of the sale in the possession of the bank in an unexecuted condition, and continued in the possession of the bank at the time they were executed, and at all times thereafter, until parted with by it. The Brinkerhoff Zinc Company, according to the evidence, at no time had such control or possession of the bonds as to enable it to make a delivery to the plaintiff, and no delivery in fact was made, and the evidence tends to show that the bank officers refused to deliver the bonds to Brinkerhoff or to forward them to plaintiff, who was in the state of New York, unless Brinkerhoff would pay the amount for which the bonds were sold to the bank, to be credited on the $5,500 note. It appears from the evidence that the bank had possession and control of all the bonds both in their unsigned state, as well as at the times they were executed, and at all times thereafter until it parted with them. Neither Brin-

kerhoff, nor the Zinc Company at any time had control or possession of any of the bonds. In this state of the evidence the sale made by Brinkerhoff to the plaintiff is not binding on the bank, unless made under some agreement between the bank or its authorized officers and Brinkerhoff, whereby the bank was bound to deliver the bonds to plaintiff on demand. Brinkerhoff was the party with whom the plaintiff negotiated for the bonds, and he made his purchase of him, and his payment to him. His right to recover on either count must therefore rest on the authority of Brinkerhoff to make the sale and demand the delivery of the bonds when sold.

Judgment reversed and cause remanded. All concur. Judge *Biggs* in result.