BELLE HENDERSON, Respondent, v. METROPOL-
ITAN STREET RAILWAY COMPANY, Appel-
lant.

**Kansas City Court of Appeals, March 4, 1907.**

1. **PASSENGER CARRIERS: Carrying Beyond Destination: Evi-
dence: Instruction: Pleading.** The evidence relating to the
carrying of plaintiff beyond her destination to the defendant's
barns is held sufficient to submit the question to the jury, and
beside on the pleading it is immaterial whether the plaintiff
was carried to the barns or not.

2. ———: ———: **Pleading: Instruction: Negligence.** A variance
between the plaintiff's pleaded destination and the one named
in the instruction is held purely technical, since the gravamen
of the action is negligence in carrying plaintiff beyond her
destination.

3. ———: ——·———: ———: ———: **Variance.** The petition alleged
negligence in carrying plaintiff beyond her destination and to
the carrier's barns. The instruction permitted a recovery if
plaintiff was carried beyond her destination to another and dis-
tant part of the city. *Held,* the allegation of carrying to the
barns was not descriptive of the negligence and there was no
variance, and the jury were not misled; and the instruction is
not subject to the same rule as one which submits the whole
case to the jury.

4. ———: ———: ———: ———: **Contract.** In a petition for
carrying a passenger beyond her destination an allegation that
she was a stranger is immaterial since it was not made known
to the conductor and in nowise affected defendant's liability
and she had an agreement to be put off at a definite place.

Appeal from Jackson Circuit Court. — *Hon. James
Gibson,* Judge.

AFFIRMED.

*John H. Lucas, Frank G. Johnson* and *Ben F. White*
for appellant.

(1) The court erred in refusing defendant's instruc-
tion numbered six, in the nature of a demurrer to the

evidence, at the close of the trial. Plaintiff had failed to prove by any credible testimony that defendant took plaintiff to its "car barn on East Eighteenth street," which was a material allegation and necessary to be proved. Spiro v. Transit Co., 102 Mo. App. 261; McCarty v. Hotel Co., 144 Mo. 397; Fuchs v. St. Louis, 167 Mo. 620; Wright v. Fonda, 44 Mo. App. 634; George v. Railroad, 40 Mo. App. 433; Moffatt v. Conklin, 35 Mo. App. 455; Bank v. Murdock, 62 Mo. 73; Fulkerson v. Thornton, 68 Mo. 469; Nugent v. Curran, 77 Mo. 328; Hassett v. Rust, 64 Mo. 328; Crews v. Lackland, 67 Mo. 498. (2) The court erred in giving plaintiff's instruction number one. It is a departure from the allegations in the petition: (a) It is alleged that plaintiff's destination was Nineteenth street and Flora avenue, while the instruction directs a verdict if the jury find that defendant failed to "put her off at Nineteenth and Vine streets." (b) The allegation in the petition is that defendant negligently and carelessly "carried plaintiff up to the car barn on the Eighteenth street line." (c) The allegation in the petition that plaintiff was carried "to the car barn on East Eighteenth street" was descriptive of the negligence with which defendant was charged and it was imperative that it be proven as charged, and also that the jury should find, as a matter of fact, that defendant did take plaintiff to that point; yet this instruction authorizes a verdict for plaintiff without requiring the jury to find that plaintiff was ever at or near the car barn, or on Eighteenth street at all—simply that she was taken "to another part of the city." Waldhier v. Railroad, 71 Mo. 516; Bank v. Armstrong, 62 Mo. 59; Chapman v. Callahan, 66 Mo. 299; Carson v. Cummings, 69 Mo. 325; Blashfield on Instructions, sec. 391; Hohstadt v. Daggs, 50 Mo. App. 240; State v. Davis, 80 Mo. App. 239; Budd v. Hoffheimer, 52 Mo. 297; Boothe v. Loy, 83 Mo. App. 601. (3) The court erred in giving instruction numbered two for plaintiff for the

reason that it, too, authorizes a verdict for plaintiff if the jury should believe that defendant carried plaintiff "by Nineteenth street and Vine."

*I. N. Watson* and *C. W. Clark* for respondent.

(1) Street car companies engaged in carrying passengers are held to the same degree of care and vigilance in preventing injury to them as is required of other railroads carrying passengers. Jackson v. Railroad, 118 Mo. 199; Parker v. Railroad, 69 Mo. App. 54; Sweeney v. Railroad, 150 Mo. 385. (2) Respondent was accepted as a passenger by appellant to be carried to Nineteenth and Flora avenue and she notified the conductor that she wanted to be let off the car at that point, and a failure on defendant's part to do so was a violation of its duty to plaintiff. Dillon v. Railroad, 64 Mo. App. 418; Yerger v. Railroad, 61 Mo. App. 586; Rawlings v. Railroad, 97 Mo. App. 511; Haley v. Transfer Co., 179 Mo. 30. (3) Now the gist of the wrongful act is carrying the plaintiff beyond and away from her destination, to-wit: Nineteenth and Vine streets. The exact distance was not a part of the material allegation. It was a wrong to carry her by her destination, if only a block, as much so as if she had been carried ten blocks, or forty blocks.

BROADDUS, P. J.—The plaintiff for her cause of action alleges that on the night of December 24, 1902, she became a passenger on one of defendant's cars at Fifth and Delaware streets in Kansas City, Missouri; that she, was a stranger in the city and unfamiliar with its streets and so notified the conductor in charge of the car and requested him to put her off at Nineteenth street and Flora avenue, which he agreed to do; that the night was dark and stormy; that the conductor carelessly and wrongfully failed to notify her when she reached

Nineteenth street and Flora avenue, but carried her be-
yond and to the end of the defendant's Vine street line,
where he informed her he would carry her back to Nine-
teenth and Vine streets, but that he negligently failed
to inform her when she arrived there and negligently
carried her to the defendant's car barn on its East
Eighteenth street line, and there notified her to leave
the car. Plaintiff claimed that in attempting to find
her way back to Nineteenth street and Flora avenue she
was exposed to the inclemency of the weather, etc., which
resulted in causing her to become sick. The answer was
a general denial and a plea of contributory negligence.
The judgment was for the plaintiff from which defend-
ant appealed.

The defendant contends that the court erred in re-
fusing instruction numbered six requested by it in the
nature of a demurrer to plaintiff's evidence on the
ground that she failed to show that defendant took her
to its car barn on East Eighteenth street. The plain-
tiff's testimony was that she arrived in Kansas City on
the night in question on a Wabash train which was late
and took passage on one of defendant's Fifth street cars
going east, her destination being Eighteenth street and
Flora avenue; that the conductor told her that she would
have to change cars at Fifth and Delaware streets; that
she got off the car at the latter place and boarded a
Vine street car, but before she did so she asked the con-
ductor if that was the car that would take her to her
destination, who informed her that it would; that she
requested the conductor to put her off at Nineteenth
street and Flora avenue and that he promised to do so;
that he carried her by without notifying her, but prom-
ised to put her on a car that would take her back, but
did not do so; that when she called his attention to the
matter again he said, "Well, I have forgotten again. I
have carried you over again;" that he then told her the
car did not go any further, that "it turns for the car

barn here;" that he said, "There are some owl men up here, you can go there and stay in their car and take the owl car. They are up here on the corner;" that after the conductor gave her this information the car went into the barn; that she got off and found her way to the city workhouse where she received such information and assistance as enabled her to reach her destination. In another part of her testimony she says she did not see the car barn. She was asked, referring to the conductor; "He did something with the car? A. Yes, sir, I know the lights went out and he said that was as far as he would take me, the car went into the barn for the night, and he pointed to the owl men." At another point in her testimony in answer to a question she said that the car did not go into the barn until she got off—that she did not know where it went to then. She stated that she did not see the tracks that led into the barn because she got off the car and turned around and kept going the way she was facing. The testimony of defendant's conductor was, that plaintiff got off at Nineteenth and Vine streets, and that the car was switched onto Nineteenth street and went east to Eighteenth and Olive streets to the barn there; that he directed her to go to police headquarters (the city workhouse) about a block south.

We think the testimony of plaintiff, to which we have called attention, is some evidence that she was carried to the car barn. And it looks incredible that the conductor, if plaintiff got off the car at Nineteenth and Vine streets, would have directed her to go to the city workhouse when the distance was only one block to Nineteenth street and Flora avenue, the place he knew she wanted to go. The plaintiff's evidence in that respect is just as reasonable as that of defendant's conductor and motorman, who corroborated him. It is insisted, however, that there were lights at the barn and that if plaintiff had got off there she would have seen them. Such would usually be true, but when we take into consideration the circumstances, that it was night, that she was a

stranger to that locality, that having been carried beyond her destination to the end of the car line and brought back and told that she could not be carried to where she wanted to go, and that she must get off as the car was going into the barn, the natural conclusion is that she was confused and might not have noticed the lights or seen the barn. But she was told by the conductor that they were at the barn. We think there was ample evidence to submit the case to the jury. But, as we will hereafter see, it was immaterial whether they carried her to said barn or not.

Objection is made to instruction numbered one, given for plaintiff, because the petition alleges that the conductor agreed to put plaintiff off at Nineteenth and Flora streets whereas the instruction directs a verdict for a failure to put her off at Nineteenth and Vine streets. This objection is purely technical. The jury could not have been misled. All the testimony was, that the conductor was to put plaintiff off at Nineteenth and Flora streets. One of defendant's own instructions is that if they put her off at Nineteenth and Vine streets, the defendant was not liable. Besides, there is another allegation in the petition that the conductor agreed on the return of the car to put her off at said Nineteenth and Vine streets, but negligently failed to do so.

Another objection to the instruction is, that it authorizes a recovery if the jury find that plaintiff was carried beyond her destination to another and distant part of the city. The contention being that the instruction should have required plaintiff to show specifically that the defendant carried her to the car barn on the Eighteenth street car line, as alleged in the petition, the argument being that the allegation in that particular was descriptive of the act of negligence. To support this view, we are cited to numerous cases. In Waldhier v. Railroad, 71 Mo. 514, the ground of negligence relied on for recovery was the defective machinery of the de-

fendant. An instruction was given authorizing a recovery on the ground of a defect in the tracks of the company. It was held to be a variance and the cause was reversed. In Carson v. Cummings, 69 Mo. 325, it is held that "A party cannot sue on a contract of sale and purchase and recover for trover and conversion, or fraud and deceit."

But we do not consider that the principle announced in these two cases has any application whatever. The action is founded on negligence and the instruction required that negligence be found by the jury before they were authorized to return a verdict for plaintiff. The ground of negligence relied on was the carrying of plaintiff beyond her destination, not for carrying her to the defendant's car barn. It could make no difference whether they carried her to the car barn or to some other distant part of the city. And, besides, the jury could not have been misled for the plaintiff's evidence, as has been stated, was that she was carried to defendant's barn, which was ten blocks distant, and defendant's evidence that she was put off only one block away from her destination. And the instruction is not subject to the rule in Hohstadt v. Daggs, 50 Mo. App. 240, and similar cases that "An instruction, which of itself covers the whole case, and authorizes a finding for either party, must not exclude from the consideration of the jury any material issue supported by substantial evidence on either side."

The further objection is that the question of whether plaintiff was a stranger in the city was not submitted to the jury. The allegation in the petition as to that matter was not material to plaintiff's right of recovery. The agreement she had with the conductor to put her off at the place designated was a contract and in no way affected by the fact that she was or was not a stranger in the city. It seems to have been the motive for her precaution, but the fact that she was a stranger was

not made known to the conductor and the defendant's liability could in no way be affected thereby.

Finding no error, the cause is affirmed. All concur.