GEORGE RUSSELL TONCREY, Respondent, v.
METROPOLITAN STREET RAIWAY COM-
PANY, Appellant.

Kansas City Court of Appeals, February 17, 1908.

1. **MASTER AND SERVANT: Defective Appliance: Demurrer.**
The evidence relating to the condition of a grip on a cable car
is reviewed and held sufficient to send the question of its con-
dition to the jury.

2. ————: ————: **Negligence: Knowledge: Instruction.** Be-
fore a servant can recover from the master's negligence in fur-
nishing defective place or appliances, he must show not only
the defect but that it was known or could have been known
by ordinary care to the master; and an instruction which omits
the hypothesis of the master's knowledge is defective, since it
permits a finding, though the master did not know of the de-
fect.

3. **INSTRUCTIONS: Whole Case: Defense.** A plaintiff asking in-
structions on the whole case must not so frame it as to exclude
from the consideration of the jury the points raised by the de-
fendant's evidence.

4. ————: ————: **Pleading: Court and Jury.** An instruction
should be expressed in plain and direct terms when it is ad-
dressed to a substantial issue in the case, since it is submitted
to the jury who are not skilled in the law while the pleadings
are addressed to the court; and a litigant has a right to a direct
and positive instruction and the jury are not to be left to recon-
cile propositions by mere argument and inference.

Appeal from Jackson Circuit Court.—*Hon. Hermann
Brumback,* Judge.

REVERSED AND REMANDED.

*John H. Lucas* and *Halbert H. McCluer* for appel-
lant.

(1)   The evidence was not sufficient to entitle the
plaintiff to recover, and the court erred in refusing to
give defendant's peremptory instruction asked at the
close of plaintiff's evidence, and again at the conclusion

of all the evidence. Smart v. Kansas City, 91 Mo. App. 593; Smith v. Bank, 99 Mass. 612; Glasscock v. Swofford Bros., 106 Mo. App. 657; Franklin v. Railroad, 97 Mo. App. 473; Kelley v. Railroad, 105 Mo. App. 365. (2) The court erred in giving instructions 1, 2, 3, 8 and 9 asked by plaintiff, and each of them, over defendant's objections. As to instruction number 8. Glasscock v. Swofford Bros., 106 Mo. App. 657; Franklin v. Railroad, 97 Mo. App. 473; Kelley v. Railroad, 105 Mo. App. 365; Purcell v. Railway, 103 S. W. 115.

*Boyle, Guthrie, Howell & Smith* for respondent.

(1) And the defendant cannot complain that the plaintiff adopted the same theory of instruction as it did. Christian v. Insurance Co., 143 Mo. 467; Hardwick v. Cox, 50 Mo. App. 514; Rattan v. Railway, 120 Mo. App. 279; Plummer v. City, 79 Mo. App. 444. (2) However, notice was sufficiently predicated in the general instruction as to negligence in having "a worn and defective grip in use," as has recently been twice declared by this court, as well as the Supreme Court. Fassbender v. Railway, 104 S. W. 1154; Bellamy v. Whitsell, 123 Mo. App. 615; Clippard v. Transit Co., 202 Mo. 432. If the instruction was too general, the defendants had the privilege of asking one more specific. (3) Complaint is made by defendant that this instruction does not specifically designate the acts of the defendant which would constitute negligence. But negligence was properly elsewhere defined as the omission of ordinary care. If the defendant desired a more specific designation as against such a general instruction, it was its privilege to ask an instruction for that purpose; and failing to do so it cannot complain of the generality of plaintiff's instruction. Harmon v. Donohoe, 153 Mo. 263; Smith v. Fordyce, 190 Mo. 1; Longan v. Weltmer, 180 Mo. 335.

ELLISON, J.—Plaintiff was an employee of the defendant as a conductor on one of its street cars. He suffered injury which he alleges was caused by the negligence of defendant. He thereupon brought this action and recovered judgment in the trial court.

It appears that plaintiff in the capacity of a conductor was in charge of one of defendant's street cars traveling south on Summit street in Kansas City, and was at the foot of a long and somewhat steep hill, or, as has been expressed, at the bottom of a long incline. That other of defendant's servants, a conductor and gripman, were in charge of what is known as a cable car, operated by cable rope beneath the surface. That the latter car, also traveling south, approached the "brow of the hill" where a person was standing to take passage, and for the purpose of stopping, the gripman released the grip from the cable rope and applied his brakes, but the rails were wet and while the car "slowed up" some, yet it did not stop, though the passenger got aboard while it was moving. In this way the car went over the brow of the hill. The gripman then immediately attempted to fasten the grip onto the cable rope so as to prevent the speed of the car from exceeding that of the rope. The grip failed to take hold of the rope, or at least to hold onto it. The gripman stated in testimony that the rope "squeezed out" of the grip. In consequence the car started rapidly down the hill and collided with the one at the bottom and upon which was the plaintiff, whereby he received his injury. The charge in the petition is that "owing to the defective and worn grip, the car ran down the hill." The petition then states the collision and plaintiff's injuries, and adds that "Plaintiff states that the defective condition of said car was known to defendant, and said defendant was careless and negligent in running said defective car." That statement is all there is in the petition charging negligence.

Defendant asked an instruction, in the nature of a demurrer to the evidence, which the court refused. In defendant's contention in behalf of the propriety of that instruction, and in plaintiff's resistance thereto, we have had placed before us in oral and written argument, a somewhat lengthy, though comprehensive and plain statement of the nature of the grip, its relation to the cable rope, its attachment to the car and the manner of its operation. We do not deem it would serve any useful purpose to set forth this descriptive detail as made up by the testimony. It is enough to say that an examination of the evidence, as preserved in the record, has satisfied us that there was substantial evidence in plaintiff's behalf tending to show that the grip was defective and that defendant knew it. We therefore approve the ruling in refusing the demurrer.

In Glasscock v. Dry Goods Co., 106 Mo. App. 657, 664, the presiding judge stated the rule to be that "It must be shown not only that there was a defect in the place or appliance which caused the injury but that it was known, or could have been known to the employer had he exercised ordinary care; and in the absence of proof of either of these essentials there can be no recovery." The instructions for plaintiff are commendably few. But we regard the principal one (No. 8) as harmfully erroneous and as altogether out of line with our trial practice in that it deprives defendant of the benefit of the law we have just quoted. It enumerates a part of the issues made by the pleadings and directs a verdict for plaintiff on a finding of those issues. It will be observed that the petition, in recognition of the law, affirmatively charges that defendant knew of the defective grip, yet the hypothesis of defendant's knowledge of the defect is omitted from the instruction; and thus the jury are directed to find for plaintiff, even though defendant did not know the grip was defective. The charge means that defendant not only knew the

condition of the grip, but it knew that it was defective, and such issue should have been embraced in the instruction as one of the conditions to be found in order to give plaintiff the verdict. The effect of the instruction was the same as if the court had declared peremptorily that defendant did know; and that would have amounted to no less than a peremptory direction to find a verdict for the plaintiff, leaving only the amount of the damages for the jury to determine. [Clark v. Hammerle, 27 Mo. 55, 70; Budd v. Hoffheimer, 52 Mo. 297; State v. Lentz, 184 Mo. 223; Boothe v. Loy, 83 Mo. App. 601; Hohstadt v. Daggs, 50 Mo. App. 240; State v. Davies, 80 Mo. App. 239; Glasscock v. Swofford, 106 Mo. App. 657; Kelley v. Railway, 105 Mo. App. 365; Percell v. Railway, 126 Mo. App. 43, 103 S. W. 115.]

In the first of these cases the Supreme Court, in speaking by way of illustration of the issues in an action on a promissory note, says: "A party therefore who asks an instruction on the whole case must not frame it so as to exclude from the consideration of the jury the points raised by the evidence of his adversary. If a suit is on a bond for the payment of money, and the defendant gives evidence tending to show that he has paid it, it would not be proper for the court, at the instance of the plaintiff, to instruct the jury that if they believed that the defendant executed the bond, they will find for the plaintiff. Such instruction would be erroneous, as it would exclude from the jury all consideration of the question of payment. It is no answer to this to say that the defendant might have asked instructions. He was not bound to do so, and it was at the peril of the plaintiff to ask instructions disposing of the whole case which excluded from the jury the consideration of the evidence of the defendant's tending to show that he had no right to recover." In the last-cited case this court, through Judge JOHNSON, said that such improper instruction was not a mere non-

direction, but amounted to a positive misdirection of the jury.

Plaintiff seeks to avoid the foregoing objection to his instruction by the following suggestion: It is now the well settled law of pleading that an allegation in the petition that certain machinery, instrumentality or appliances were defective and that the defendant negligently furnished such defective machinery, instrumentality or appliance, is tantamount to an allegation of knowledge or opportunity for knowledge of the defect; and though not the best form of pleading, would be accepted as in effect containing a charge of knowledge or notice. [Clippard v. Transit Co., 202 Mo. 432; Bellamy v. Whitsell, 123 Mo. App. 610, 615.] That therefore, if a charge of an act being negligently done will serve as a charge of knowledge or notice, it will suffice to submit that issue in an instruction to the jury and to omit any direct reference to notice, as was done in the instruction in question. We do not believe such result can fairly be allowed to follow the proposition. The petition may properly be said to be addressed to the court and the court construes it and determines its meaning from the standpoint of one skilled in the law and the use of legal terms, while an instruction is addressed to the understanding of those who are not thus learned. A court may know that if one negligently furnishes a defective instrumentality, there is an inevitable implication of knowledge of the defect, or an opportunity whereby there might have been knowledge. But has a litigant the right to force his adversary to undergo the risk of a jury properly reasoning out that proposition? We think he has not. Plaintiff suggests that the court instructed the jury on the legal meaning of negligence; that it meant "the failure to use ordinary care, and in law ordinary care means such care as an ordinarily prudent person, in the same or similar occupation, would exercise." It may be admitted that by

argument, inference and deduction, one could make out that negligence implied knowledge, or an opportunity for knowledge. But the meaning of instructions should not be left to such indirect or involved methods. An instruction should be expressed in plain and direct terms when it is addressed to a substantial issue in the cause. In the cases of Cahn v. Reid, 18 Mo. App. 115, 135, and Gray v. McDonald, 28 Mo. App. 477, 492, we approved of the following from the opinion of Judge STORY in Livingston v. Insurance Co., 7 Cranch, 506, 544, viz.: "If in point of law the plaintiffs were entitled to such direction the court erred in its refusal, although the direction afterwards given by the court might, by inference and argument, in the opinion of this court, be pressed to the same extent. For the party has a right to a direct and positive instruction; and the jury are not to be left to believe in distinctions where none exist, or to reconcile propositions by mere argument and inference. It would be a dangerous practice and tend to mislead instead of enlightening a jury."

Defendant complains of portions of the remarks of plaintiff's counsel in his argument to the jury. But as the case is to be retried it is not probable the same cause of objection will again present itself. It is therefore not necessary to enter upon a discussion of this branch of the case.

The judgment will be reversed and the cause remanded. All concur.