RUCK, by guardian *ad litem,* Appellant, vs. MILWAUKEE BREWERY COMPANY, Respondent.

*December 6, 1910—January 10, 1911.*

*Master and servant: Latent dangers: Duty to give warning: Assumption of risk: Questions for jury: Evidence: Weight: Competency: Form of objection: Expert testimony: Cross-examination.*

1. If the master knows or by the exercise of ordinary care ought to know of latent dangers attendant upon the usual conduct of his business, and the servant does not and cannot by the exercise of ordinary care know thereof, it is the master's duty to warn the servant, and if he fails to do so the servant does not assume the risk by remaining in the employment.

2. In an action for an injury caused by the explosion of a bottle of beer while standing on a tray after having been immersed in hot water in the process of pasteurizing, the evidence being conflicting, the questions whether bottles had previously exploded under similar circumstances, and whether defendant knew or in the exercise of ordinary care ought to have known thereof, were for the jury.

3. Although plaintiff had been employed for several weeks in the same room, as sweeper and general helper, but never before in assisting to fill the tray, his testimony that he did not know that bottles exploded either when handled or when standing still, was not so incredible that no weight should be attached thereto.

4. An admonition to plaintiff by the foreman to be careful and not let the bottles strike together was not a sufficient warning of the danger incident to the explosion of bottles.

5. A question asked of another servant as to whether the foreman knew, before plaintiff was injured, that the witness had been injured by a similar explosion, was competent.

6. An objection to a question as incompetent does not reach the fault that the question assumes the existence of a fact not proven.

7. An expert witness having testified as to the degree of pressure to which bottles were subjected in the pasteurizing process, it was competent on cross-examination to call his attention to an article in a brewing journal, containing a different opinion on the subject, and ask him whether or not he had approved of such article.

8. A witness having testified to seeing bottles explode and pieces of glass fly in all directions, it was competent to ask him whether or not they flew with such force as to inflict injury if they came in contact with the skin or body, any ordinary witness being competent to draw such a direct inference from what he has observed and to testify concerning it.

APPEAL from a judgment of the circuit court for Milwaukee county: LAWRENCE W. HALSEY, Circuit Judge. *Reversed.*

Action for personal injuries. Plaintiff at the time of his injury, July 3, 1907, was a young man sixteen years of age and of average intelligence. Defendant was the owner of a brewery, wherein it manufactured and bottled beer. Pre-

vious to the sale thereof the beer was put through a sterilizing process which consisted in placing about 1,800 filled and corked bottled in layers separated by iron sheets in a vat or tank into which cold water was let.   Later, steam was injected and the temperature of the water in the vat raised to about 140 degrees Fahrenheit.   The bottles were kept in this temperature for about thirty minutes, when cold water was turned into the vat from below, and the hot water was floated off on top through openings, and the temperature reduced to about 88 degrees.   The heating of the beer in the bottles caused it to expand, and the carbonic acid gas in the beer was liberated, thus subjecting the bottles to considerable pressure. Beside the vats or tanks were movable trays that rolled down on rails to what was called the labeling machine.   When the bottles had been in the vat or tank the required time they were removed therefrom by hand and placed on these trays.

Plaintiff was employed by the defendant in June, 1907, did sundry work about the factory, but principally acted as a helper to men who distributed and delivered defendant's beer. On the day of the injury he was assisting one Frank Kroll, and his work consisted in moving the bottles further to the side of the tray, thus making more room on the tray near Kroll for placing bottles thereon taken by the latter from the tank.   When he had worked about four or five minutes a bottle exploded and the pieces of flying glass struck him in the face and destroyed his right eye.

At the close of the evidence, on defendant's motion the court directed a verdict in its favor, and from a judgment entered thereon the plaintiff appealed.

For the appellant there was a brief by *Glicksman, Gold & Corrigan,* and oral argument by *W. D. Corrigan.*

For the respondent there was a brief by *Doe & Ballhorn,* and oral argument by *J. B. Doe.*

VINJE, J.   The complaint, among other charges of negligence against the defendant, contains an allegation that bot-

tles, while being taken from the pasteurizing vat and while standing still on the tray after being taken therefrom, would occasionally explode; that defendant knew, or in the exercise of ordinary care ought to have known, of such explosions; that the plaintiff did not know, and could not in the exercise of ordinary care have known, thereof; and that it was the duty of the defendant to warn him of such danger incident to his employment.

Plaintiff testified that the bottle that exploded and injured him had been standing still on the tray a minute or two before the explosion occurred. There is ample evidence on the part of the plaintiff to show that bottles, whether in the tank, standing on the tray, or while being handled, occasionally exploded. Some of the evidence shows that such explosions were quite frequent and that defendant had knowledge thereof. The evidence on behalf of the defendant is that bottles would occasionally explode when being handled roughly or struck together, but that no explosions ever took place after they were taken from the pasteurizing vat and were standing still on the tray. Under such conflicting evidence it was for the jury to say whether or not bottles occasionally exploded while standing still, and whether or not the defendant knew, or in the exercise of ordinary care ought to have known, of such explosions.

It is contended on the part of the defendant that if explosions took place the plaintiff must have known of them, because he had been working in the room several weeks when the explosion that caused his injury occurred. Plaintiff's testimony, however, is that he had been employed as a sweeper and general helper and that he had never been employed to do the work he did at the time he was injured, and further, that he did not know that bottles exploded either when handled or standing still. Counsel for defendant claims that this testimony is so incredible that no weight should be attached thereto. We cannot concur in this view. It was for the jury, under all the evidence, to determine whether the plaintiff knew, or

in the exercise of ordinary care ought to have known, that bottles occasionally exploded.

The plaintiff admitted that the foreman had told him to be careful with the bottles—to be careful not to let the bottles strike together, and it is claimed by the defendant that such admonitions were a sufficient warning to the plaintiff of the danger incident to the explosion of bottles whether standing still or while being handled. We fail to see the force of this claim, for it is evident that the warnings given fall far short of advising plaintiff that if he was not careful with the bottles, or that if he struck them together, they might explode and hurt him. They also fall far short of informing him that bottles were liable to explode while standing still. He might properly think that such caution was given merely for the purpose of avoiding breakage of bottles and consequent loss of property. True, he was old enough to be chargeable with knowledge that if he struck bottles together they might break and that he might get hurt as a result of such breaking. The risk incident to such an injury he assumed. It was obvious to a person of his age and experience. But it cannot be said as a matter of law that he was chargeable with knowledge that if bottles were carelessly handled they were liable to explode and hurt him or that they might do so while standing still.

It seems that the trial court based its direction of a verdict in favor of the defendant solely upon the ground that there was nothing unusual about the conduct of defendant's business and, therefore, no negligence was shown. This overlooks the fact that there always may be latent dangers attendant upon the usual conduct of a business of whose existence it is the duty of the master to warn the servant so that the latter can decide for himself, after being so warned, whether or not he will assume them by remaining in the employment. If the master knows, or in the exercise of ordinary care ought to know, of such latent dangers, and the

servant does not, and in the exercise of ordinary care cannot, know thereof, then a failure to warn constitutes negligence on the part of the master. So, if it be a fact in this case that there was a latent danger incident to plaintiff's employment, and he did not know, and could not by the exercise of ordinary care have known, thereof, and that the defendant did know, or by the exercise of ordinary care ought to have known, of it, and failed to warn him, then such failure to warn was negligence on the part of the defendant, and the plaintiff, by remaining in the employment, did not assume the risk incident to such latent danger.

The court should have submitted to the jury, in appropriate form, these questions: (1) Was there a latent danger from explosions of bottles incident to plaintiff's employment? (2) Did the defendant know, or ought he in the exercise of ordinary care to have known, of such danger? (3) Did the plaintiff know, or ought he in the exercise of ordinary care to have known, of such danger? together with such additional questions as the issues made by the pleadings and evidence required.

Several errors are assigned upon evidence offered by the plaintiff and ruled out by the court. These will now be considered. A witness who had testified that bottles standing on the tray exploded occasionally, and that the foreman knew of such explosions, was asked this question by plaintiff's counsel: "Did the foreman know before *John* [the plaintiff] got hurt that you had been hurt by the explosion of a bottle while it was resting on the steel tray after it had been removed from the steam tank and before it had received any force from the outside?" This was objected to as incompetent and the objection sustained. The fact as to whether or not bottles standing on the tray were liable to explode or did explode was in issue, likewise the fact as to whether or not, if bottles so standing exploded, the defendant knew thereof. The latter question was directed to the issue of defendant's

knowledge and was certainly competent upon that subject. No doubt the question was objectionable on the ground that it assumed the existence of a fact not proven, namely; that the witness had been hurt.   But the objection that the evidence was incompetent did not reach that vice in the question, and it was error to sustain such objection.

·The witness Kremer was called as an expert by the defendant.   He testified upon direct examination as to the degree of pressure bottles were subjected to in this pasteurizing process.   Upon examination his attention was called to an article that had appeared in a certain quarterly journal devoted to brewing, claimed by counsel for plaintiff to have contained an opinion different from that testified to by the witness as to the degree of pressure bottles were subjected to in such process, and he was asked whether or not he had approved of that article.   This was objected to on the ground that the testimony was incompetent and the objection sustained.   A number of questions similar to the one stated were propounded to the witness, some of which were objected to by counsel for defendant and sustained by the court, and one the court ruled out of its own motion.   Such rulings were erroneous, for the plaintiff was entitled, if he could, to obtain an admission from the witness that he had formerly made statements or approved of opinions contrary to those testified to by him on the trial.

Another witness, after having testified that bottles exploded and pieces of glass flew in all directions, was asked this question: "Do you know whether or not they flew with such force that it would inflict injury upon the skin or the body when it would come in contact with the body?"   The question was objected to as being incompetent and the court sustained it, on the ground that the question called for the conclusion of the witness rather than for a fact as to whether or not bottles exploded in such a' manner as to cut someone.   It is apparent that the question simply called for the knowledge or lack of

knowledge of the witness on the subject, and was therefore merely a preliminary question that did not inquire into what the fact actually was. But both the court and counsel seem to have treated the question as one directed to the fact as to whether or not bottles so exploded, and it is evident that if the witness had had any experience on the subject or had actually observed such effect on others, the answer would not be the conclusion of the witness but would be evidence as to a fact either experienced or witnessed; and even if the witness had observed only explosions that injured no one, his answer would not be in the nature of expert testimony. He would be competent to give an opinion as to whether or not the explosions witnessed by him had sufficient force to inflict such injury as was described in the question. Any ordinary witness is competent to draw such a direct inference from what he has observed and testify concerning it. The fact as to whether or not explosions were sufficiently strong to be likely to cause injury to any one was material upon the issue of the existence of a hidden danger, and the evidence was therefore improperly excluded.

*By the Court.*—Judgment reversed, and cause remanded for further proceedings according to law.