HENRY L. WOOD, Respondent, v. CHICAGO, BURLINGTON & QUINCY RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, May 7, 1906.

1. DAMAGES: Evidence: Farmer: Instruction. *Held*, the record shows evidence sufficient to warrant an instruction allowing damages for plaintiff's incapacity to pursue his usual avocation as a farmer, since such evidence need not be definite.

2. ———: ———: Future Health: Instruction. *Held*, there was evidence sufficient to support an instruction permitting damages for the effect on future health.

3. ———: ———: ———: **Permanent Injury.** An instruction allowing damages for the effect on future health and another instruction telling the jury that there is no permanent injury are not conflicting, since permanent injury and injury to future health are not expressions of the same thing.

4. **APPELLATE AND TRIAL PRACTICE:** **Instructions: Verdict: Damages.** Instructions covering matters submitted by other instructions are properly refused and an appellate court can not interfere with a finding of facts where the instructions are proper and on the evidence the damages are not excessive.

Appeal from Caldwell Circuit Court.—*Hon. Joshua W. Alexander,* Judge.

AFFIRMED.

*O. M. Spencer, N. O. Borders, O. J. Chapman* and *Sheetz & Sons* for appellant.

(1) This instruction authorized the jury to assess damages for plaintiff if he "has been or is incapacitated to any extent from working at his usual vocation for a livelihood." There was no evidence that plaintiff had a "usual vocation for a livelihood," or of the value of his vocation, or of his time or labor, and the jury could only guess as to the amount they might or should give him. This was manifest error. Haworth v. Railroad, 94 Mo. App. 215; Shanahan v. Transit Co., 109 Mo. App. 228.` (2) This instruction is also erroneous as to future health; because there was no evidence on which to base it; because the jury could only have been misled by it; because it conflicted with instruction numbered 7, given on behalf of defendant, and because it is too uncertain and indefinite. Schwend v. Transit Co., 105 Mo. App. 537; Ballard v. Kansas City, 110 Mo. App. 391; Bluedorn v. Railroad, 108 Mo. 450; Frank v. Railroad, 57 Mo. App. 181; Maggioli v. Transit Co., 108 Mo. App. 416. (3)· The court erred in refusing instruction numbered 11, asked by the defendant. (4) The verdict is excessive.

*James E. Watkins* and *John H. Taylor* for respondent.

(1)   The evidence in this case showing plaintiff to be a farmer was sufficient to authorize an instruction to assess damages for plaintiff if he "has been or is incapacitated to any extent from working at his usual vocation for a livelihood."   Mabrey v. Gravel Road Co., 92 Mo. App. 596.   (2)   The cases cited by appellant (Schwend v. St. Louis Transit Co., 105 Mo. App. 537, and Ballard v. Kansas City, 110 Mo. App. 391) condemn the use of the word may instead of the word will and hold that if the instruction criticized had read "from any pain of body and mental anguish that she will suffer" that it would have been correct.   Ballard v. Kansas City, 110 Mo. App. 396; Baker v. Independence, 93 Mo. App. 160.   (3)   There is no conflict between respondent's instruction numbered 3 and appellant's instruction numbered 7.   Permanent injury is a present fact and not synonymous with the term future health, which might be affected and still there be no permanent injury.   Appellant has no right to complain, for under the evidence it was not entitled to instruction numbered 7.

ELLISON, J.—The plaintiff was injured while a passenger on one of defendant's trains.   He brought the present action for damages and recovered a judgment in the trial court for $1,100 and defendant appealed.

Since the verdict was for the plaintiff, we must accept the evidence in his behalf as establishing the facts in the case.   From such evidence, it appears that while plaintiff was travelling on defendant's train from the town of Breckenridge to Hamilton in Caldwell county, the train became derailed and the car in which plaintiff was riding was turned over.   Plaintiff was thrown across the car, striking on his head, causing concussion of the brain.   He was confined to his bed for about four weeks

and was attended by a physician. He had not recovered his normal condition of health at the time of the trial, nearly a year thereafter.

The first complaint made against the action of the trial court relates to the measure of damages as justified by the evidence. The court's instruction authorized the jury to allow plaintiff as a part of his damages, if he had been or is incapacitated to any extent from working at his usual avocation for a livelihood. The objection is that there was no evidence that plaintiff had a "usual avocation for a livelihood," or of the value of his avocation, or of his time or labor. There was evidence tending to show that plaintiff was a farmer owning forty acres of land. That before the injury he did usual farm work. That he had out one hundred acres of corn. That he gathered corn, hauled wood and fed stock; and that he was a good worker. There was no special or direct evidence as to what his general work as a farmer was worth and we think it would be impracticable to require such evidence. [Mabrey v. Gravel Road Co., 92 Mo. App. 596.] The nature of general supervision in running a farm and of doing actual farm work by the farmer himself (we do not refer to one employed by the farmer at wages) is such that definite proof of actual value cannot well be made. We therefore hold the evidence here introduced as sufficient. We do not regard cases cited by defendant as in point.

The second objection is that the court instructed the jury that it would be proper to consider the injury to plaintiff's health in the future, if they believed his future health would be affected by the injury. The reason stated for this objection is that there was no evidence on that head. There was ample evidence from which it could be inferred with good reason that plaintiff's health would be injuriously affected after the trial. Besides other evidence, it was shown that at time of trial he had not recovered.

119 App.—6

But the court gave an instruction for defendant that there was no evidence of "permanent" injury and it is insisted that plaintiff's instruction based on the idea of "future" health is contradictory thereof. That one saying one thing and the other the opposite, they are confusing and constitute reversible error. We do not regard the instructions as justly subject to the criticism. An injury may not be permanent and yet it may affect the health in the future, that is to say, for a period after the trial, greater or less in length of time. Just how long, is, like many other matters relating to amount of damage in this class of cases, uncertain and impossible of mathematical measurement. From necessity, the law leaves such questions to be determined by the experience, observation and sound sense of the jury. "Permanent injury" and "future injury" are not expressions of the same thing. Much less is "permanent injury" and "injury to future health." And so Judge JOHNSON said in Ballard v. Kansas City, 110 Mo. App. 396, that there might not be a permanent injury and yet the jury allow for future pain.

There was no error in refusing defendant's instruction numbered 2, since all contained therein, which was proper, had been embodied in instructions already given. The instructions for defendant, as a whole, fully set forth the defendant's theory and amply safeguarded its rights. If it has suffered, it results from a finding of the facts which the law leaves for the consideration of the jury, and with their conclusion we have no authority to interfere, when there is any evidence, of substance, upon which it can rest. And in this connection we must say that, on the theory of the plaintiff's case—if the evidence in his behalf is to be believed, and reasonable inferences therefrom are to be made—the verdict should not be regarded as excessive. The judgment will be affirmed. All concur.