## See v. Leidecker.

### (Decided March 14, 1911.)

### Appeal from Lawrence Circuit Court.

Master and Servant—Assumed Risk—Duty of Master to Use Ordinary Care.—It is the duty of the master to use ordinary care to furnsh his servant with a reasonably safe place in which to work, and if the work is of a dangerous or hazardous nature, and such danger or hazard is not obvious and apparent, so that any one can see and understand it, then it is the duty of the master to use reasonable care to advise the servant of such danger or hazard; but if he knows that the servant is inexperienced and unfamiliar with the danger incident to his employment, and not obvious to one unskilled in that line of work, then before the servant can be charged with having assumed the risk the master must use ordinary care to advise him of the danger of doing the work.

W. D. O'NEAL, JR., and CLYDE L. MILLER for appellant.

OPINION OF THE COURT BY JUDGE LASSING—Reversing.

The purpose of this appeal is to test the sufficiency of a petition, wherein it is sought to recover damages for an injury resulting to a servant in the discharge of a duty performed under the direction of the master. The

petition charges that on December 10, 1909, while attempting to unload a boiler from a wagon, on which it had been hauled from the railroad to a point in the country where a well was to be bored, the boiler rolled against plaintiff's head and crushed it so as to injure the sight of one eye and destroy the hearing of one ear, and permanently injure and deform plaintiff's head, to his great discomfiture and suffering. Damages were prayed for in the sum of $2,000.

A demurrer was sustained to this petition. And correctly so, because it failed to charge any negligence whatever on the part of the master.

In an amended petition it is alleged that the injury resulted at a time when the plaintiff was working under the direction and control of the master, and charges that the injuries were caused by the negligence of the master in directing the plaintiff to go under the boiler at the place where he was when injured.

A demurrer was sustained to the petition as amended. And correctly so, for the reason that the amendment, while it charged the master with negligence, failed to allege that the plaintiff did not know of the danger incident to his employment as well or better than the master did.

In a second amended petition the plaintiff sets out the terms of his employment more in detail, and, among other things, states that his employer knew, or by the exercise of ordinary care could have known, of the dangers of the place in which he directed plaintiff to work; that there was danger that the boiler would fall and roll upon him; that the plaintiff did not know of such danger and did not have equal means with the master of knowing of the danger to which he was subjecting himself in getting under the boiler; that, looking to his employer to furnish him a reasonable place in which to work, he undertook to unload the boiler as directed; that while attempting to discharge the duties assigned him he was injured; that the plan adopted for unloading the boiler was such as to render it dangerous, but that this fact was unknown to him, though known to his employer, who was a man of years of experience in the handling of boilers.

A demurrer was likewise sustained to this petition. The plaintiff declined to plead further, his petition was dismissed, and he appeals.

The demurrer admits the truth of each allegation. In this light the sufficiency of the petition must be tested. It is conceded, then, that the plaintiff was an inexperienced man, while the defendant was a man of experience in the handling of boilers and like machinery; that the method adopted by the defendant in unloading this boiler was an improper one, and one that subjected the plaintiff to more than ordinary hazard and danger; that this fact was known to the defendant and unknown to the plaintiff; that, relying upon the defendant's superior knowledge in work of this character, the plaintiff undertook the work; and the injury resulted.

It is the duty of a master to use ordinary care to furnish his servant a reasonably safe place in which to work, and if the work is of a dangerous or hazardous nature, and such danger or hazard is not obvious and apparent so that any one can see and understand it, then it is the duty of the master or employer to use reasonable care to advise the servant of such danger or hazard. And while the master is not required to use the safest and best means in the conduct of his business so as to avoid injury to his employes, he must use ordinary care, not only to provide them with a reasonably safe place within which to work, and appliance with which to carry on the work, but, if he knows that the servant is inexperienced and unfamiliar with the damages incident to his employment, and that these dangers are not obvious and apparent to one unskilled in that line of work, then before the servant can be charged with having assumed the risk the master must use ordinary care to advise the servant of the hazard or danger to which he will be subjected in undertaking to do the work.

We are of opinion that the facts set out in the second amended petition state a good cause of action, and the demurrer thereto should have been overruled.

Judgment reversed and cause remanded for further proceedings consistent herewith.