BY THE

ST. LOUIS, KANSAS CITY AND SPRINGFIELD

# COURTS OF APPEALS

AT THE

OCTOBER TERM, 1911.

---

CHARLES WILKS, by Next Friend, Respondent, v. ST. LOUIS & SAN FRANCISCO RAILROAD COMPANY, Appellant.

Springfield Court of Appeals, November 6, 1911. Motion for Rehearing Overruled December 18, 1911.

1. MASTER AND SERVANT: Infant Employee: Duty to Warn and Instruct: Sufficiency of Evidence. Plaintiff, a minor of eighteen years, to obtain employment with defendant had represented that he was over twenty-one years of age. He was given a job assisting in the coaling of engines. The work was accomplished with a hoist or common steam shovel, and boom and by means of steel cables raised the coal from a coal car in a scoop or bucket and emptied it into the tender of the engine. Prior to the night of the accident plaintiff's work had been to shovel coal from the sides of the car, so the scoop could get it. On the night of the accident the hoist had become broken, on account of which the bucket could not be turned by the operator and it became necessary to keep the boom stationary and to put the engine and coal car on the same track with the hoist, and plaintiff was instructed to turn the bucket with his hands in case it came down the long way across the car. After several engines had been loaded plaintiff claimed he took hold of the bucket with his hands and it made a sudden swing and knocked him off the car. The evidence showed that the bucket was very heavy and there was a sharp conflict in the testimony as to whether it did twist or was liable to do

159 App.]                    (711)

so while the boom was stationary. Plaintiff's cause of action was grounded on a failure of defendant to warn him of the dangers because of his youth and inexperience. The evidence is examined and *held* that the appellate court could not say the trial court erred in refusing to sustain a demurrer to the evidence.

2. ———: ———: ———: Knowledge of Master: Instructions. Where plaintiff claimed to be injured by the twisting of a scoop or bucket which was used with a hoist in coaling an engine and which plaintiff claimed suddenly twisted and pushed him off of a coal car, and based his case upon the ground that he was an inexperienced minor and should have been warned by the plaintiff concerning the dangers incident to the work, it was necessary for him to show to the satisfaction of the jury that the defendant knew, or by the exercise of ordinary care would have known, that the bucket was liable to turn or swing around and injure him and also knew or by the exercise of ordinary care would have known that the plaintiff was young or inexperienced and was not aware of the dangers incident to the work, and an instruction which fails to properly present these matters to the jury is condemned.

3. APPELLATE PRACTICE: Personal Injuries: Preserving Photographs in Record: Demurrer to Evidence. During the trial of an action for personal injuries received by plaintiff while he was assisting in coaling an engine by means of a machine known as a hoist or common steam shovel, located on a flat car built for the purpose, a number of photographs of the hoist, showing its arrangement and method of operation were used and examined by the court and jury, and from the testimony preserved in the record it appeared that such photographs were of material aid to the court and jury in understanding the situation and the means of operating the hoist, but these photographs were not preserved in the record in the appellate court and their omission from the record is given as one of the reasons why the appellate court could not say that the trial court should have given defendant's peremptory instruction.

4. MASTER AND SERVANT: Infant Employee: Duty of Master. A master is not an insurer of the safety of his employees simply because the employee is a minor, but the master's duty is performed if he exercises ordinary care in the premises.

5. ———: Extraordinary Danger: Knowledge Not Imputed to Master. The law will not impute to the master knowledge of an extraordinary and unexpected danger, nor hold him liable for a failure to warn the servant against it.

6. ———: Infant Employee: Misrepresenting Age: Duty of Master to Warn and Instruct. The mere fact that a minor misrepre-

Wilks v. Railroad.

sents his age to the master in order to obtain employment, will not estop him from showing that he was young and inexperienced, in an action for damages on account of injuries received in the employment. But this is a circumstance to be considered by the jury in determining the degree of care the master was bound to exercise in warning and instructing the servant regarding his duty.

7. ———: ———: **Capacity is Criterion of Responsibility.** While there is no period of minority at which a court can say as a matter of law that the infant stands on the same plane as an adult, yet his capacity and not his age is the criterion by which his responsibilty and conduct should be measured and the question of responsibility is almost always for the jury.

8. **INSTRUCTIONS: Negligence: Stating Facts Which Constitute Negligence.** It is a proper practice to tell the jury the facts which authorize a finding of negligence and not simply to instruct that if they find the litigant was negligent to find against him. In fact, an instruction which simply uses the word "negligently" without submitting any fact to the jury from which negligence may be found, is erroneous.

9. ———: **Curing by Other Instructions.** An instruction which is vicious or vaguely worded will not be cured by others given, except in very plain cases.

10. ———: ———: **Instruction Covering Whole Case.** While the instructions must be considered together and often one instruction will cure the defects of another, yet, where an instruction for plaintiff attempts to cover the whole case and tells the jury if they find the facts as alleged in that instruction they shall return a verdict in favor of the plaintiff, if in that instruction matters necessary for the plaintiff to prove were omitted, then the giving of a proper instruction on the part of the defendant, including such matters, does not cure the error.

11. **DAMMAGES: Personal Injuries: Future Suffering: Instructions.** In an action for damages for personal injuries where the plaintiff testifies that he was suffering at the time of the trial and had been so suffering since he received his alleged injuries three or four months prior to the trial, it cannot be said, as a matter of law, that he would not suffer in the future and it was not error to instruct the jury to consider plaintiff's future pain and suffering, if any, in assessing his damages.

Appeal from Lawrence Circuit Court.—*Hon. Carr McNatt,* Judge.

REVERSED AND REMANDED.

*W. F. Evans* and *Mann, Johnson & Todd* for appellant.

(1) The court erred in giving plaintiff's instruction number 1. Dowling v. Allen, 102 Mo. 213; Czernicke v. Erlich, 212 Mo. 395; Zellars v. Light Co., 92 Mo. App. 119; Clark v. Railroad, 179 Mo. 66; Mueller v. Shoe Co., 109 Mo. App. 506; Brands v. Car Co., 213 Mo. 714; Musick v. Packing Co., 58 Mo. App. 300; Hach v. Railroad, 117 Mo. App. 11; Clonts v. Light Co., 144 Mo. App. 582; Lee v. Railroad, 150 Mo. App. 175. (2) Said instruction number 1 is erroneous because it does not present to the jury the case pleaded and presented to the jury by the petition and the evidence. Unless it can be said as a matter of law the evidence disclosed knowledge on the part of defendant of the tendency of the bucket to suddenly turn and knowledge of the danger and increased hazard and knowledge of the youth and inexperience of the plaintiff. Hufft v. Railroad, 222 Mo. 304; Eppstein v. Railroad, 197 Mo. 734; Morgan v. Railroad, 159 Mo. 270; Ahnefeld v. Railroad, 212 Mo. 300. (3) Instructions must not only be within the scope of the pleadings but within the scope of the evidence. Block v. Railroad, 217 Mo. 672; Crumley v. Timber Co., 144 Mo. App. 528. (4) Said instruction number 1, is erroneous because it refers the jury to the petition for the injuries of the plaintiff for which they might compensate him, to quote the language of the instruction: "If you find from the evidence that plaintiff . . . was thereby thrown to the ground and received any of the injuries complained of." Fisher v. Transit Co., 198 Mo. 562; Pandjiris v. Hartman, 196 Mo. 539; Glasgow v. Railroad, 191 Mo. 374; Webb v. Carter, 121 Mo. App. 155; Allen v. Transit Co., 183 Mo. 432; Flischman v. Miller, 38 Mo. App. 181; Com. Co. v. Hunter, 91 Mo. App. 337. (5) The peremptory instruction offered at the conclusion of all the evidence by the defendant should

have been given and in consequence this case should be reversed without remanding. Because the petition in failing to allege the defendant knew, or by the exercise of ordinary care could have known of the liability of the bucket or hopper to suddenly turn or revolve and injure plaintiff, or that it knew or could have known of the danger or increased hazard, the plaintiff failed absolutely to state a cause of action and the defect cannot be cured by the verdict. Mueller v. Shoe Co., 109 Mo. App. 507; Current v. Railroad, 86 Mo. 62; Crane v. Railroad, 87 Mo. 588; Johnson v. Railroad, 96 Mo. 340; Fisher v. Lead Co., 156 Mo. 479; Durst v. Stamping Co., 163 Mo. 607. (6) Because defendant was not required to have provided against all possibly anticipated happenings. Glasscock v. Dry Goods Co., 106 Mo. App. 657; Kapper v. Shoe Co., 116 Mo. App. 168; Brubaker v. Light Co., 130 Mo. App. 439; Saxton v. Railroad, 98 Mo. App. 494. (7) That the bucket under the circumstances after coming down straight would, when the plaintiff went to take hold of it, suddenly whirl and knock him down is contrary to the laws of physics and plaintiff's testimony that it did so happen should be disregarded. DeMalt v. Fidelity Co., 121 Mo. App. 92; Baker v. Railroad, 122 Mo. 589; Way v. Power Co., 68 Mo. App. 389; Gorman v. Transit Co., 96 Mo. App. 606; Payne v. Railroad, 136 Mo. 562; Latson v. Transit Co., 192 Mo. 449; State v. Vaughn, 200 Mo. 22. (8) The evidence is wholly insufficient to show that the defendant had reasonable cause to anticipate plaintiff's injury. This being the fact, there was no negligence on the part of defendant, and the demurrer should have been sustained. Halloran v. Pullman Co., 148 Mo. App. 247; Wendall v. Railroad, 100 Mo. App. 556; Anderson v. Box Co., 103 Mo. App. 382; Dickey v. Dickey, 111 Mo. App. 304; Cole v. Lead Co., 130 Mo. App. 253; Harris v. Railroad, 146 Mo. App. 524; Leitner v. Grien, 104 Mo. App. 173.

*Sizer & Kemp* for respondent.

(1) In this case respondent pleaded that he was given a defective and dangerous machinery and appliances and the turning of the bucket was only incident to the defective hoist, and as it was admitted throughout the trial that the hoist was defective, therefore, it was a useless ceremony to incorporate the same in the instructions. Cornovski v. Transit Co., 207 Mo. 274; Zellers v. Water Co., 92 Mo. App. 128. (2) When instructions are not inconsistent and where plaintiff's instructions omit certain requirements, yet when the instructions of defendant supply the defect appellant cannot complain. Gibler v. Railroad, 203 Mo. 222; Goetz v. Railroad, 50 Mo. 472; Chambers v. Chester, 172 Mo. 461. (3) Where the plaintiff is a minor, it is a prime duty to warn him and caution him especially where the youth is required to work with complicated machinery. Vanesler v. Box Co., 108 Mo. App. 629; Saller v. Shoe Co., 130 Mo. App. 729. (4) Not a single witness for defendant ever intimated that they were ignorant of his age or inexperience. Zellers v. Water Co., 92 Mo. App. 128; Crane v. Railroad, 87 Mo. 595. (5) Not only the age but the experience and capacity of the minor enters as a factor in the degree of care he is required to observe. The proposition of law as set forth in instruction No. 2 is correct as applied to this case. Thien v. Supply Co., 116 Mo. 5; Henderson v. Kansas City, 177 Mo. 490; Vessels v. Car Co., 129 Mo. App. 713.


GRAY, J.—Action for personal injuries, which respondent claims he sustained on the 23rd day of February, 1911, while in the employ of the defendant. The plaintiff was eighteen years of age on the 15th day of November, 1910. He commenced to work for the defendant on the 15th day of February, 1911. His duties were to assist another employee in coaling en-

gines, and were performed at night. In coaling the engines a machine known as a Brown hoist was used. The hoist and the engine operating it were located on a flat car built for the purpose. The hoist was a common steam shovel. It had a boom or a long beam, and over this and down one end thereof, ran wire steel cables, and to the end of the steel cables was attached the bucket or scoop by which the coal was raised. Previous to the night plaintiff claims he was injured, the method of operating the hoist had been to use three parallel tracks. On the center track stood the hoist; on the track to one side stood the coal car from which the coal was to be taken, and on the track at the other side of the hoist, stood the engine, the tender of which was to be filled with coal. When a tender was to be filled, the operator started his engine, and by means of his machine, turned the boom so that it would first swing to the car of coal, carrying the bucket with it. At the same time with appliances at his hand, he unrolled the spool or windless carrying the steel cable, and thereby lowered the bucket into the car of coal. The long way of the bucket was longer than the width of the coal car, but the operator, when the boom was working, was able to turn the bucket so that it would drop into the car, then he would close the jaws of the bucket so that it would be filled with coal, and then by the use of the machinery, raised the bucket of coal, swing it from the car of coal around and directly over the tender, and then the jaws of the bucket were opened and the load dumped into the tender, and this was repeated until the engine was loaded.

Previous to the night plaintiff was injured, his duties consisted in shovelling coal from the sides of the car, so the bucket could get it. At the time he went to work the night of the 23rd of February, he was informed by the foreman that the hoist had been broken and on account thereof, the bucket could not be turned by the operator if it should come down the

long way across the car, and that at such times he would have to turn it with his hands so it would drop into the car. The result was that the boom had to be turned so that the end of it, to which the bucket was attached, pointed over the center of the one track, and the bucket lowered, filled, and emptied while the boom remained stationary, as neither the boom or the bucket could be turned by the operator. To load the tenders under these circumstances, the car of coal from which the supply was to be taken, and the engine with its tender to be filled, instead of standing on two tracks, were both placed on the one track and coupled together. The boom being stationary, the engine shoved or pulled the coal car under the end of it. The engine of the hoist was then started, the windlass unrolled and the bucket dropped into the coal car and was filled in the usual way, and then raised, and then the engine was backed, shoving the coal car out of the way and shoving the tender directly under the bucket, when the jaws of the bucket were opened and its load dumped into the tender, and this was repeated until the latter was loaded.

On the night in question, plaintiff had assisted in loading three engines, and was loading the fourth when he claims he took hold of the bucket with his hands, and it made a sudden swing and knocked him off the car and severely injured him.

As it is material, we quote his testimony on this point:

"Q. Now when it came down this time in question, tell the jury if the car stood east and west how did the bucket stand? A. It came down with the long ways across the car.

"Q. Tell the jury what you had to do and what happened? A. I took hold of it with my hands and pulled it around to me. I had a torch in one hand and caught the bucket with the other and pulled it to me, and it took a side swipe and knocked me off.

"Q. Had you ever seen it take one of those sudden turns before? A. No. sir."

On cross-examination he testified: "It flew around and knocked me off; it turned toward me and hit me on the side."

When respondent applied to appellant for a position, he was given a blank to fill, and therein he stated he was born Nov. 15, 1886. He testified that he made this false statement of the date of his birth because he wanted to convey the impression on the agent of the appellant, that he was twenty-one years of age, in order to obtain employment; that he had to have a job at something, and he made this statement to get the position.

Monett was the coaling point for many engines of the appellant, and when the hoist broke, the company sent to Springfield for another one, but was using the one out of repair while waiting for the other to come, as it was necessary to coal its engines at Monett.

The petition alleges: that *"Plaintiff was a minor and inexperienced in such work, which fact was known to the defendant, or by the exercise of ordinary care, could have been known. And it was the duty of defendant's foreman to instruct and to warn plaintiff concerning the dangers incident to the work which might be assigned to him;* that the defendant neglected and failed to perform its duty, and negligently failed to furnish plaintiff with a reasonably safe place to work, and likewise furnish him with a defective and unsafe hoist and appliances with which to perform his duties, and negligently ordered and instructed him to go into a place of danger to do and perform a dangerous work with a defective and dangerous hoist, which was outside of his regular duties, and on account of the age and inexperience of plaintiff, he was not aware of the dangers connected therewith, and defendant negligently failed to instruct or to warn plain-

tiff of the dangers, and that on account of such negligence, plaintiff was injured,'' etc.

The answer consisted of a general denial; also a plea of assumed risk, and the further plea of contributory negligence. The trial was before a jury, and resulted in a verdict in favor of the plaintiff in the sum of $2000, and from the judgment entered thereon, the defendant appealed to this court.

'The appellant's assignment of errors is limited to three. First, to the instructions given for plaintiff; second, to the refused instructions offered by appellant, and third, the amount of the verdict.

One of the instructions which appellant claims the court erred in not giving was a demurrer at the close of all the evidence. At the threshhold of this inquiry, we are confronted with the fact that all the evidence is not preserved. During the trial, a number of photographs of the hoist showing its arrangements and method of operation were used and examined by the court and jury, and from the testimony preserved in the record, it appears that such photographs were of material aid to the court and jury in understanding the situation and the means of operating the hoist. In addition to this fact, the evidence does show that the bucket was very heavy, some of the witnesses putting its weight at a ton or over, and the plaintiff offered some testimony tending to prove that as it was lowered into the coal car, it was liable to turn or twist around with great force. When these things are all considered, we cannot say the court should have given defendant's peremptory instruction.

Plaintiff's first instruction reads as follows: ''The court instructs the jury that the law made it the duty of the defendant to exercise all reasonable care to furnish Charles Wilks reasonably safe machinery and tools with which to perform his work, and to instruct him, if young and inexperienced, concerning the dangers incident thereto. Therefore, if you believe and

find from the greater weight of the evidence that the defendant, through its agents, servants or employees, negligently furnished said Wilks with a defective hoist and appliances; or negligently ordered him to perform a more dangerous work than his regular duties required, and did not instruct him in regard to the dangers incident thereto, if any, or negligently ordered him to turn the hopper or bucket with his hands without instructing him in regard to the dangers incident thereto, if you find from the evidence that such danger existed, and that as a direct result of any or all of such acts of negligence, if any, the said Wilks, while attempting to turn the bucket or hopper so as to permit same to be lowered into car, was struck on the body by said hopper or bucket suddenly turning round, and thereby thrown to the ground and received any of the injuries complained of, and that at the time he was a minor and inexperienced in such work, and was acting under the orders and directions of his foreman, and was using ordinary care for his own protection, then your verdict must be for the plaintiff.''

The appellant contends that error was committed in giving this instruction, for the following reasons: First, Because the instruction entirely omits any element of the knowledge of the defendant that the bucket was liable to turn and injure any one. Second, Because it authorizes a recovery for the failure of defendant to warn the employee regardless of the question whether the employee was fully advised in the premises. Third, Because it holds the defendant to the duty to warn and instruct the plaintiff on account of his youth and inexperience without reference to whether the defendant had knowledge of such youth and inexperience.

There was a sharp conflict in the evidence whether the bucket did twist or was liable to do so when operated while the boom was stationary. In fact, the de-

159 App.—46

fendant's testimony was to the effect that it did not, and could not, twist while the boom was stationary, and furthermore, that the plaintiff was not struck by the boom, but made a misstep and fell off the car. There was some testimony that while the boom was used to swing the bucket from the carload of coal around to the tender, the swinging would cause the bucket to twist more or less, but while the boom remained stationary, this did not occur. On the other hand, the plaintiff testified that the bucket made a sudden turn and struck him, and offered some testimony that it was liable to do so.

The appellant was not an insurer of the safety of the plaintiff simply because he was a minor in its employ, and the duty of the company toward him as his master, was performed if it exercised ordinary care in the premises. In order to make the appellant liable, it must be shown, not only that there was danger in the work, but that the danger was known to the appellant, or would have been known to it had it exercised ordinary care. Wojtylak v. Coal Co., 188 Mo. l. c. 281, 87 S. W. 506; Toncrey v. Railroad, 129 Mo. App. 596, 107 S. W. 1091; Clippard v. St. Louis Transit Co., 202 Mo. 432, 101 S. W. 44; Kelly v. Railroad, 105 Mo. App. 365, 79 S. W. 973; Conkey v. Larson, 91 N. E. 163, 29 L. R. A., N. S. 116; Ruck v. Milwaukee Brewery Co., 129 N. W. 414; Herbert v. Boot & Shoe Co., 90 Mo. App. 305; See v. Leidecker, 135 S. W. 284; Hendrix v. Vale Royal Mfg. Co., 68 S. E. 483; Holland v. McRae Oil Co., 68 S. E. 555; Stuart v. Street Railway Co., 163 Mass. 391, 40 N. E. 180; DeGraff v. Railroad, 76 N. Y. 125.

In Conkey v. Larson, supra, the Supreme Court of Indiana, in deciding the point, did so in the following words: "The law will not impute to the master knowledge of the extraordinary and unexpected danger, and hold him liable for a failure to warn the servant against it. If appellant had no actual knowl-

edge of the injuring danger, and there was nothing in the history, construction, or in the proper and attentive operation of the machine, from which the law would impute knowledge, it is perceived how he could be counted at fault, or guilty of negligence, in failure to give warning of that of which he himself was ignorant and unsuspecting.''

In Stuart v. St. Ry. Co., supra, it is said: ''The duty of an employer to give instructions to one about to work on dangerous machinery, exists only where there are dangers of which he has, or ought to have knowledge, and which he has reason to believe his employee does not know and will not discover in time to protect himself from injury.''

The question of knowledge of the appellant that the bucket might twist and strike the plaintiff, was a vital issue in the case. The defendant offered several witnesses who testified that they worked with the bucket while the boom remained stationary and never knew the bucket to twist or swing around while being thus operated. In order for the plaintiff to recover, it was necessary for him to show to the satisfaction of the jury that the defendant knew, or by the exercise of ordinary care, would have known that the bucket was liable to twist or swing around and injure him while he was adjusting it lengthwise with the car. This important part of plaintiff's case should have been included in the instruction, as appellant was not guilty of negligence, unless it knew or by the exercise of ordinary care would have known of the alleged danger.

In Wojtylak v. Coal Co., supra, our Supreme Court said: ''The petition made the necessary averment that 'the said roof at the point where plaintiff was ordered to work was and had been in a dangerous condition which was known to the defendant.' While the dangerous condition of the roof is made an essential prerequisite of a finding of negligence on the

part of the defendant, this instruction nowhere requires the jury to find from the evidence that the roof either was or had been in a dangerous condition or that any such dangerous condition was known to defendant. We think this omission renders this instruction fatally erroneous.''

The second and third objections may be considered together. As we have heretofore stated, when the plaintiff applied for work, he represented in writing that he was an adult, and testified that he did so in order to get the position. While the mere fact that he misrepresented his age would not estop him from showing that he was young and inexperienced, (Hewett v. Woman's Hospital Aid Association, 64 Atl. 190, 7 L. R. A., N. S. 496) yet this was a circumstance to be considered by the jury in determining the degree of care the defendant was bound to exercise in warning and instructing him regarding his duties. If the defendant believed he was twenty-one years of age, then it cannot be said that it owed him the same duty to warn and instruct that it would if it believed he was a minor or inexperienced. [Woodward Iron Co. v. Lewis, 54 So. 566.] As said in Hewett v. Woman's Hospital Aid Association, supra: "Apparent youthfulness, general intelligence, and practical experience, were facts for the consideration of a jury upon the question of the degree of care the defendant was bound to exercise.'' And in this state it is held that while there is no period of minority at which a court can say, as a matter of law, that the infant stands on the same plane as an adult, yet his capacity, and not his age is the criterion by which his responsibility and conduct should be measured, and that the question of responsibility is almost always for the jury. [Saller v. Shoe Co., 130 Mo. App. 712, 109 S. W. 794.]

And in McIntosh v. Railroad, 58 Mo. App. 881, it is declared that a child is often of such tender years

that the courts will say, as a matter of law, that ordinary care cannot be expected of it, and then there comes an age, attended or not with experience or inexperience, then capacity is a question of doubt, and in such cases the court submits the question to the jury or triers of the fact. Passing this, the party injured may be of such age and experience that there is no longer doubt as to the possession of sufficient capacity, and the courts will treat the matter as beyond dispute and hold the party to the exercise of ordinary care.

By reference to the part of the petition above copied, it will be seen that plaintiff based his right to recover on the fact that he was young and inexperienced, and that the appellant knew that fact, or would have known it by the exercise of ordinary care; and that solely on account of his youth and inexperience was it the duty of the defendant to warn him. In other words, the petition is not framed with the idea if plaintiff had been an adult, it would have been the duty of the appellant to have given him any warning. In fact, the very essence of plaintiff's cause of action, as alleged in his petition, is that he was young and inexperienced, and defendant knew that fact, and on account of his age and inexperience, he was not aware of the dangers incident to the work, and hence, it became the duty of the defendant to warn him of such dangers.

The duty of the master to warn and instruct the servant under the circumstances of this case, arises only when the former knew, or by the exercise of ordinary care, would have known that the servant was young or inexperienced. [Fulwider v. Trenton Gas, Light & Power Co., 216 Mo. 582, 116 S. W. 508; Kerker v. Battendorf Metal Wheel Co., 118 N. W. 306; Johanson v. Webster Mfg. Co., 120 N. W. 832; Lanoue v. Nelson, 89 N. E. 95; Louft v. C. & J. Pyle Co., 75 Atl. 619; Lantry-Sharp Contracting Co. v. McCracken,

13 S. W. 363; Warren Vehicle Stock Co. v. Siggs, 120 S. W. 412.]

Plaintiff's counsel practically concede that the elements above mentioned should be in the instruction, and claim they are, by implication, in the above instruction, and if defendant wanted a more explicit declaration, it should have asked for it.

Plaintiff's claim is based upon the fact that the word, ''negligently'' is used in the instruction, and the jurors were required to find that the defendant negligently ordered plaintiff to turn the hopper or bucket with his hands without instructing him regarding the dangers incident thereto. It is the proper practice to tell the jury the facts which authorize a finding of negligence, and not simply to tell the jury if they find the litigant was negligent, to find against him. In fact, an instruction which simply uses the word ''negligently'' without submitting any fact to the jury from which negligence may be found, is erroneous. [Steinmann v. St. Louis Transit Co., 116 Mo. App. 673, 94 S. W. 799.]

In a pleading, a general allegation of negligence includes only such acts as directly caused the injury, and under such an allegation no evidence of any breach of duty not connected with the doing of the act resulting in the injury may be introduced, and such general allegation does not include failure to warn or instruct, or to furnish a reasonably safe place to work. [Monroe v. Standard Mfg. Co., 133 S. W. 214.]

While it is not necessary that an instruction be as explicit as a pleading, yet we do not believe from the use of the word ''negligently'' alone, a jury would sufficiently grasp the issues of age, inexperience and failure to warn, etc.

Respondent further claims that the error in his instruction was cured by an instruction given in behalf of appellant, reading as follows: ''And the court further instructs you that if you find and believe from

the evidence that a man of reasonable prudence would have no reasonable ground to foresee the probability of plaintiff's injury in the place in which he was at work, and with the instrumentalities with which he was at work, then the plaintiff was not guilty of negligence and your verdict must be for defendant.''

We fail to see anything in this instruction to call the attention of the jurors to the fact that there was submitted to them the question whether the defendant knew that plaintiff was only eighteen years of age and inexperienced. And the rule is, that an instruction which is vicious or vaguely worded, will not be cured by others given, except in very plain cases, free from doubt. [Quirk v. Elevator Co., 126 Mo. 279, 28 S. W. 1080.]

While the instructions must be considered together, and often one instruction will cure defects in another, yet the rule has been firmly established in this State that where an instruction for plaintiff attempts to cover the whole case, and tells the jury if they find the facts as alleged in that instruction, they shall return a verdict in favor of the plaintiff, if in that instruction matters necessary for the plaintiff to prove were omitted, then the giving of a proper instruction on the part of defendant, including such matters, does not cure the error. [Wojtylak v. Coal Co., supra; Flynn v. Union Bridge Co., 2 Mo. App. 529; Boller v. Cohen, 42 Mo. App. 97.]

In Wojtylak v. Coal Co., supra, the instruction in behalf of plaintiff ignored the issue of the knowledge defendant had of the dangerous condition that caused the injury. But the attorneys for plaintiff claimed that the defect was cured by an instruction given in behalf of the defendant, but the court said: ''Plaintiff's instruction is a very long and general one and concludes with the direction that, 'If you find these facts from the evidence in the case your verdict will be for the plaintiff.' This being so, the giving of a

proper instruction for the opposite party could not have the effect of correcting the error, as the two would be in conflict, and the jury at a loss to know which to obey. The jury might well have concluded under plaintiff's instruction that it was not at all necessary to have found that the roof of the mine was in fact dangerous, and that the defendant knew, or by the exercise of ordinary care could have known that it was.''

In Flynn v. Bridge Co., supra, the court said: ''The plaintiff could not recover, unless he did· establish, to the satisfaction of the jury, both that the plank was defective, and that it broke owing to its defective condition, besides proving that the defendant knew, or, by the exercise of due care, might have known, of the defective condition of the plank. The instruction given on behalf of plaintiff omits every one of these requisites, and was, therefore, fatally defective. It is true that the court, upon the request of the defendants, did give an instruction that the plaintiff could not recover, unless he proved all these facts; but how can that aid the matter? That instructions are to be taken as a whole and should be read together in construing their propriety is well settled; but how can instructions be read together if they are irreconcilable and contradictory? The plaintiff's instruction predicates a recovery on a state of facts, which, under the pleadings and evidence, did not warrant a recovery. It is not the omission of hypothetical facts constituting an affirmative defense of the answer, but an omission of hypothetical facts forming the very gist of plaintiff's right of recovery, which is a fatal objection to the instruction.''

To the same effect are Muncy v. Bevier, 124 Mo. App. 10, 101 S. W. 157, and Herbert v. Shoe Co., 90 Mo. App. l. c. 317.

Appellant complains of the respondent's instruction on the measure of damages. The instruction au-

thorized the jury to consider future pain and suffering of plaintiff, if any, in assessing his damages. The plaintiff testified that at the time of the trial he was still suffering constantly with a headache, and when he tried to read his eyes hurt him, and that he was unable to perform any work. He was injured on the 23rd day of February, and his testimony was given the following May.

In all personal injury cases the amount of damages is more or less uncertain and in a degree speculative. In an action by the parents for the death of a child of tender years, the jury is authorized to speculate on the amount that the parents would have received from the child during its minority in excess of what they would have paid for its support, etc., and to return a verdict for such excess. If the plaintiff was suffering as he claimed he was, at the time of the trial, and had been so suffering since he received his alleged injuries in February, it cannot be said as a matter of law, that he would not suffer in the future, and his right to recover for future pain and suffering was as clear and legal as it was to recover for past pain and suffering, although he was not permanently injured. [Wood v. Railroad, 119 Mo. App. 78, 95 S. W. 946.]

Appellant's instructions Nos. F and G were properly refused. The first, on the ground that it referred the jury to the pleading for the acts of negligence; and the latter, for the reason that it was fully covered by instructions given.

For the errors contained in plaintiff's instruction No. 1, the judgment must be reversed and the cause remanded. *Cox, J.,* concurs; *Nixon, P. J.,* dissents.